### UNITED STATES ex rel. AMUSO v. CURRAN, Immigration Com'r.

(District Court, S. D. New York. April 24, 1924.)

Aliens ⊂⇒46—Illiterate alien held not to have resided in United States "continuously for five years."

An illiterate alien, who resided in the United States 9 months in 1912, 2½ years between 1913 and 1916, and a little less than that period between 1921 and 1924, has not resided in the United States "continuously for five years," within Immigration Act Feb. 5, 1917, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b).

Habeas Corpus. Proceeding by the United States, on the relation of Francesco Amuso, against Henry H. Curran, Immigration Commissioner. Writ dismissed.

John M. Lyons, of New York City, for the writ.
James C. Thomas, Jr., of New York City, opposed.

LEARNED HAND, District Judge. This alien and his wife are illiterates and have been excluded under the following circumstances: The alien came from Italy in 1912, remained in this country 8 or 9 months, and went back. He returned to the United States in 1913, remained about 2½ years, and again went back in 1916, this time to serve in the Italian army. He returned to the United States for the second time on September 21, 1921, and remained till January 19th of this year, when he went abroad for a short visit, returning on March 3d.

Being an illiterate, he is excludable under section 3 of the act of 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), unless

he can bring himself within its exception, which requires that he shall "have resided" in the United States "continuously for five years." I may assume that at some time he adopted a new domicile in United States, which he has never released, though just when he did so does not appear, unless it was when he filed a declaration of intention to become a citizen on July 28, 1922. Whatever may be thought as to his domicile, his residence has been anything but continuous, if one includes within that phrase the continued physical presence of an alien in this country. If that be a requirement, then obviously 9 months in 1912, 2½ years between 1913 and 1916, and a little less than that period between 1921 and 1924, will by no means answer.

In U. S. ex rel. Devenuto v. Curran, 299 Fed. 206 (C. C. A. 2), the court said obiter that domicile is not the test under this clause, but left open the question whether an alien may not retain a sufficient legal residence, as distinguished from domicile, in spite of substantial absences. U. S. v. Mulvey, 232 Fed. 513, 146 C. C. A. 471 (C. C. A. 2), held in the case of naturalization that the test was not domicile, and, without trying to lay down a general rule, that an absence of 2 years and 2 months out of 5 years broke the necessary continuous residence. If the analogy obtains between the two statutes, as I think it ought, the relator's absence of 2 years and 9 months during the 5 years preceding January 19, 1924, would a fortiori break his continuous residence in the case at bar.

The statute here in question bears stronger evidence than does the Naturalization Act (Comp. St. § 4351 et seq.) that the retention of legal residence, as distinguished from domicile, is not enough, if unaccompanied by presence within the United States. It provides that 6 months' absence will destroy the right to return, even if that has been acquired by 5 years' solid residence. It can hardly be supposed that, if an alien who has continuously remained in the United States for 5 years is to lose his status by a 6 months' absence, he may acquire that status by the mere retention of a legal residence, while he is physically absent for half the whole prescribed period. Rather one would suppose that an absence of 6 months within the period will prevent tacking the fragments together, since a like absence will destroy it thereafter.

But it is not necessary in the case at bar to go so far. Amuso, the alien, was out of the country for a longer part of the period than he was in it. The provisional status recognized by this clause was certainly intended as a concession to those who had struck roots in their new home, and for that reason. These were allowed a temporary absence, because it seemed harsh to exclude them after they had acquired those personal associations which continuous presence in any place will create. It would be a perversion of this purpose to include those who for any reason are not by their actual presence already bound by new ties of place, but who have merely maintained a legal residence.

Writ dismissed; aliens remanded.