## Ex parte DOMENICI. [*]

(District Court, D. Massachusetts. September 16, 1925.)

No. 3212.

1. **Habeas corpus** ⊂⊃85(1)—**Strong case held necessary to warrant application for habeas corpus on behalf of alien being deported.**

To warrant application, in district of Massachusetts, for habeas corpus by or in behalf of alien, ordered deported from New York and shipped by vessel calling at Massachusetts port, a strong prima facie case of error in proceedings must be made, and also of lack of reasonable time and opportunity to seek and obtain relief in New York.

2. **Aliens** ⊂⊃51½, New, vol. 16A Key-No. Series —**Illiterate alien held not admissible as nonquota immigrant, returning to an unrelinquished domicile of seven years.**

Relative to right to admission of an illiterate alien, as a "nonquota immigrant" within the definition thereof in Immigration Act 1924, § 4(b), being Comp. St. Supp. 1925, § 4289¾b, "An immigrant previously lawfully admitted to the United States, who is returning from a temporary visit abroad," any domicile he obtained in the United States by presence therein from 1902 to 1910 was not "unrelinquished" when he then returned to his native land, and there remained nine years, within Immigration Act 1917, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), providing that aliens returning after a temporary absence to an "unrelinquished United States domicile of seven consecutive years" may be admitted in the discretion of the Secretary of Labor.

[*] Decree affirmed — F.(2d) —.

3. Aliens ⬦⟿51½, New, vol. 16A Key-No. Series—Illiterate alien, by reason of five years' residence after landing as seaman held not entitled to readmission as nonquota immigrant.

Alien, by landing as a seaman in the United States in 1919, and there remaining five years, was not brought within Immigration Act 1917, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), providing that aliens, who have been lawfully admitted to the United States, and who have resided therein continuously for five years, and who return to the United States within six months from their departure therefrom, may be readmitted; and, on his return to the United States in 1925, within six months of his departure therefrom he was not a "nonquota immigrant" within Immigration Act 1924, § 4(b), being Comp. St. Supp. 1925, § 4289¾b, he never having been admitted as an immigrant, and his continuous stay after his landing as a seaman having, under Immigration Act 1917, §§ 32–34 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼r–4289¼s), and rules made pursuant thereto, been illegal, with right under section 34 to deport him within three years after he landed, so that at most his presence was lawful for only two years.

Habeas Corpus Proceeding by Rosario Domenici, on behalf of Francesco Domenici, against the master of the steamship Guiseppe Verdi and others. Writ discharged, and Francesco Domenici remanded to custody.

Cornelius F. Keating, of Boston, Mass., for plaintiff.

Harold P. Williams, U. S. Atty., and John W. Schenck, Asst. U. S. Atty., both of Boston, Mass., opposed.

ANDERSON, Circuit Judge. This habeas corpus case involves the right of Francesco Domenici to be admitted as a nonquota, illiterate immigrant, under the provisions of section 4, cl. (b), of the Immigration Act of 1924 (Comp. St. Supp. 1925, § 4289¾b).

[1] The writ issued against the master of the steamship Guiseppe Verdi; Domenici having been ordered deported on September 1 on the vessel in which he had arrived at New York on August 24. Parenthetically, it should be observed that this court agrees with other judges in this district that a strong prima facie case of error in the proceedings must be made in order to warrant an application for habeas corpus by or in behalf of an alien ordered deported from New York and shipped on a vessel calling at this port, and also of lack of reasonable time and opportunity to seek and obtain the desired relief in New York. Such belated applications are not to be favored.

The record shows that the alien is an illiterate Italian seaman, who first came to the United States in 1902 as a third-class passenger, and remained here continuously until September, 1910, when he returned to Italy; that he returned to the United States in December, 1919, as a seaman, and remained here continuously until March 2, 1925, when he returned to Italy as a third-class passenger; that on December 26, 1919, he received, at Norfolk, Va., an alien seaman's identification card, indicating that he was placed in division 3, which means that he was an illiterate and inadmissible under the Immigration Act; that he returned to the United States on August 24, 1925; that he has in Italy a wife and a 5-year old child.

On these facts, two claims are grounded:

[2] (1) On his presence in the United States from 1902 to 1910. This claim is that he was, under section 3 of the Act of 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), in August, 1925, returning after a temporary absence from an unrelinquished domicile in the United States of seven consecutive years, and therefore was admissible at the discretion of the Secretary of Labor.

This proposition cannot be sustained. If at any time within the eight years from 1902 to 1910 he obtained a domicile in the United States, it was not unrelinquished when he returned to his native land, where he has a wife and child, and there remained nine years.

[3] (2) His next contention arises under section 3, supra, first proviso, which reads, "All aliens who have been lawfully admitted to the United States and who have resided therein continuously for five years and who return to the United States within six months from the date of their departure therefrom," may be readmitted.

But Domenici was never admitted as an immigrant. In December, 1919, he landed as a seaman. Under sections 32, 33, and 34 of the act of 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼r–4289¼s), and the rules made pursuant thereto, if he remained here continuously, as the record indicates, he was here illegally; under section 34 he might, at any time within three years after so landing, have been deported. If in his favor it be assumed that the power to deport ended with the three years, and that thereafter his presence was lawful (a proposition difficult to sustain), such alleged lawful presence was only about two years.

In no aspect of the facts, therefore, can he be admitted either under the seven-year provision, or the five-year provision.

The result is that the writ must be discharged, and the alien remanded to the custody of the Commissioner of Immigration in Boston.