**UNITED STATES ex rel. ILLUZZI v. CURRAN, Commissioner of Immigration.**

(Circuit Court of Appeals, Second Circuit. March 26, 1926.)

No. 281.

1. **Aliens** ⬀46—**Five years' "continuous residence" in United States, required to exempt illiterate alien from being excluded, may not be made up of separate visits aggregating five years (Act Feb. 5, 1917, § 3 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b]).**

The five years' continuous residence in United States, required of illiterate alien, by

Act Feb. 5, 1917, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), as prerequisite for exemption, from being excluded after temporary visit abroad, may not be made up of separate visits to United States, aggregating five years, notwithstanding "continuous residence" in given place does not always mean continually remaining therein, and that "residence" is not synonymous with "immovability."

2. **Aliens** ⬀54(9)—**Every claim of right to re-enter United States as illiterate alien returning from temporary visit abroad must be decided on its own facts; ultimate question being alien's intent (Act Feb. 5, 1917, § 3 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b]).**

Every claim of right to enter United States as illiterate alien returning from temporary visit abroad after five years' continuous residence in United States, under Act Feb. 5, 1917, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), must be decided on its own facts; ultimate question being alien's intent deducible from evidence.

3. **Aliens** ⬀46—**Illiterate alien, residing in United States from 1905 to 1913 without his family, held to have acquired no residence, and his subsequent residence in Italy for two years abandoned any residence he may have acquired, so that he was not "lawfully resident" in United States when conscripted into Italian army (Joint Resolution Oct. 19, 1918 [Comp. St. Ann. Supp. 1919, § 4289¼bbb]).**

Where illiterate alien resided in United States without his wife and family from 1905 to 1913, when he returned to Italy and thereafter served in Italian army during World War, *held*, that he acquired no residence here, and his subsequent residence in Italy for two years before joining Italian army constituted abandonment of whatever residence he may have acquired here, so that he was not "lawfully resident" in United States when conscripted, so as to be entitled to admission to United States under Joint Resolution Oct. 19, 1918 (Comp. St. Ann. Supp. 1919, § 4289¼bbb).

Appeal from the District Court of the United States for the Eastern District of New York.

Habeas corpus by the United States, on the relation of Nichola Illuzzi, against Henry H. Curran, Commissioner of Immigration, Port of New York, or the master of the steamship Presidente Wilson. From an order dismissing the writ, relator appeals. Affirmed.

John M. Lyons, of New York City, for appellant.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for appellee.

Before HOUGH, MANTON, and HAND, Circuit Judges.

PER CURIAM. Relator is an illiterate alien. He first came to this country in 1905, and remained until 1913, when he returned to Italy, his native land, and to his wife and family, who had remained at home during his sojourn in the United States. In 1915, being of military age, he was summoned to join the Italian army, and served through that country's participation in the World War.

In 1920 he returned here, and was admitted as a reservist under the Joint Resolution of Congress dated October 19, 1918 (Comp. St. Ann. Supp. 1919, § 4289¼bbb), permitting the admission of even illiterate aliens "*lawfully resident* in the United States when * * * conscripted for the military service * * * of any one of the nations cobelligerent of the United States in the present war * * * who may within one year after the termination of the war apply for readmission," etc. When relator came back in 1920, he did not bring his family, who are still in Italy.

After that landing relator remained in the United States less than five years, and then, obtaining a return permit, went back to Italy. He there remained less than six months, and on again returning was excluded as one who had unlawfully gained admission under the so-called "Reservist Resolution," who was a quota immigrant not possessing a quota immigration visa, and ineligible for admission because he was illiterate. This writ followed, and, the court below having remanded relator, this appeal was taken.

It is admitted that what for lack of a better name is called a "return permit" does not affect the matter, because that document has "no effect under the immigration laws, except to show that the alien to whom it is issued is returning from a temporary visit abroad."

[1] This appeal is an effort to establish that, when the prerequisite for exemption from exclusion for illiteracy is that the applicant shall "have resided (in the United States) continuously for five years," such five years' residence may be made up of two or more periods, however short, provided the aggregate of the visits to this country amount to five years. To this we cannot agree. It is directly opposed to United States ex rel. Amuso v. Curran (D. C.) 299 F. 214, and Ex parte Domenici (D. C.) 8 F.(2d) 366, and to the assumptions of United States ex rel. Randazzo v. Tod (C. C. A.) 297 F. 214.

In favor of appellant's argument quotations are made from our opinion in United States ex rel. Devenuto v. Curran, 299 F. 206, at page 212 et seq. The holding in that case was that, if the relator "acquired a residence in the United States *on his arrival* here in 1912 [i. e., the first time he came], it was not necessary for him to remain in the country for the next five years continuously in order to bring himself within" the section of the law there and here under consideration. Section 3 of Act Feb. 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b).

[2] That continuous *residence* in a given place does not always mean continually *remaining* in that place, that residence is not synonymous with immovability, is we think true, and we adhere to it. But every case must stand on its own bottom and depend on its own facts, and the ultimate question is: What *intent* on the part of the alien is to be fairly deduced from the evidence? Devenuto's Case does not hold that a plurality of terms of sojourn can as matter of law be tacked together to produce a term of residence, and any language used arguendo, in showing that relator's *intent* to acquire and maintain a residence in this country, which implies such doctrine, must be regarded as obiter.

[3] Turning to the facts of this case, we think it evident that this relator had no intent to acquire residence here, and did not do so; also that his return to Italy in 1913 was a return to his home, and by his voluntarily remaining at home for two years before joining the Italian army he both manifested his lack of intent to reside in America, and abandoned whatever residence he might inadvertently have acquired.

We hold, therefore, that he was not "lawfully resident" in the United States in 1920, and was therefore unlawfully admitted under the Joint Resolution of 1918. It admittedly follows from this that his subsequent sojourn, being less than five years, conferred no rights upon him.

Order affirmed.