**UNITED STATES ex rel. PATTI et al. v. CURRAN, Commissioner of Immigration.**

District Court, S. D. New York.   May 10, 1926.

1. Aliens ⬅➡46—Failure to pass literacy test by alien domiciled seven years, returning from temporary absence, does not bar admission, if otherwise admissible under regulations of Secretary of Labor (Immigration Act 1917, § 3 [8 USCA § 136]).

Failure of an alien domiciled in the United States for seven years, on returning from a temporary absence, to pass the literacy test, does not bar his admission by the Secretary of Labor, under the discretion given him by Immigration Act 1917, § 3, proviso 7 (8 USCA § 136), if otherwise admissible under the regulations.

2. Aliens ⬅➡54(10)—Procedural forms relating to admission of immigrants may be dispensed with, when required by substantive rights (Immigration Act 1924, § 13 [8 USCA § 213]).

Immigration Act 1924, § 13 (8 USCA § 213), does not deal with qualifications for admission, but with the requisite evidence of such qualifications, and grants to the Secretary of Labor the broadest discretion to dispense with procedural forms, when substantive right cannot otherwise be served.

3. Aliens ⬅➡54(7)—Secretary may waive formal proof of right to re-enter of domiciled alien (Immigration Act 1924, § 10 [8 USCA § 210]).

Under Immigration Act 1924, § 10 (8 USCA § 210), providing for issuance to domiciled aliens of permits to re-enter after temporary absence, and for extension of such permits, and especially clause (f), which provides that the permit shall not be the exclusive means of establishing that the alien is returning from a temporary visit, the fact that an alien having such permit returned a few days after its expiration, not having had it extended, does not require his exclusion as matter of law, but the failure of formal evidence may be waived by the Secretary and other evidence accepted; an immigration visa not being required in such a case by section 13, clause (b), rule 3, subdivision (f), of the Immigration Rules of July 1, 1925.

4. Aliens ⬅➡44—Secretary held to have discretion to extend permit to re-enter of temporarily absent domiciled alien after it has expired (Immigration Act 1924, § 10 [8 USCA § 210]).

Under Immigration Act 1924, § 10 (8 USCA § 210), authorizing extension of permit to re-enter of domiciled alien visiting abroad, the Secretary of Labor has discretion to grant such extension after the permit has expired and the alien seeks re-entry,

Habeas Corpus. Petition by the United States, on the relation of Giuseppe Patti and Domenica Manfre, against Henry H. Curran, Commissioner of Immigration for Port of New York, for writ of habeas corpus. Petitioners remanded for rehearing.

Habeas corpus proceedings upon petition in behalf of the relators herein, who are held in custody by the respondent under an order of the Secretary of Labor for their deportation pursuant to a decision of a Board of Special Inquiry, affirmed by the Second Assistant Secretary of Labor, excluding the relators from admission to the United States under section 3 of the Immigration Act of February 5, 1917 (8 USCA § 136), as persons unable to read, and under section 13

(a) (1) of the Immigration Act of 1924 (8 USCA § 213), as nonquota immigrants not in possession of unexpired immigration visas.

Gaspare M. Cusumano, of New York City, for relators.

Emory R. Buckner, U. S. Atty., of New York City (Charles L. Sylvester, Asst. U. S. Atty., of New York City, of counsel), for respondent.

THACHER, District Judge. The grounds of exclusion were illiteracy and nonpossession of an unexpired return permit or an immigration visa, the exclusion being based, not upon the exercise of the Secretary of Labor's discretion, but upon the theory, expressly found, that no discretion could be exercised in this case. Illiteracy may first be considered, since that affects the substantive right to enter, while the other objection is formal and procedural.

[1] The Board of Special Inquiry, correctly held that the seventh proviso of section 3 of the act of 1917 and rule 12 of the Immigration Rules of July 1, 1925 applied to this case. The aliens were returning, after a temporary absence, to an unrelinquished United States domicile of seven years, and, although unable to read, were, in the absence of other legal grounds for exclusion, admissible in the discretion of the Secretary of Labor under conditions prescribed by him. Seventh proviso, § 3, Immigration Act of 1917. The only conditions prescribed in such cases are found in rule 12 (a) of the Immigration Rules of July 1, 1925, requiring satisfactory proof of domicile in the United States for seven consecutive years and of departure therefrom with the intention of returning thereto; "domicile," for this purpose, being defined as that place where a person has his true, fixed, and permanent home and principal establishment, and to which, whenever he is absent, he has intention of returning.

The conditions prescribed by the rule were fully met by the proofs, which are uncontradicted. The aliens, having complied with every condition prescribed by the Secretary, were entitled to be admitted, in the exercise of the Secretary's discretion, if otherwise admissible. True, the Board of Review, upon whose recommendation the Second Assistant Secretary affirmed the decision of the Board of Special Inquiry, said: "Both aliens are unable to read, and on their own statement that they had been out of the country for more than six months, and because of their age, they are not exempt from the literacy test." But the clause of section 3 of the Immigration Act of 1917 upon which this ruling is based has no relation to, and does not in any way limit, the discretion granted under the seventh proviso of that section. Nor do the rules limit temporary absence to six months, as was the case when U. S. v. Curran (C. C. A.) 299 F. 206, and U. S. v. Curran (D. C.) 299 F. 214, were decided.

From what has been said, it appears that the aliens were not in any of the excluded classes, and so far as all personal characteristics are concerned were qualified to enter the country as desirable aliens. Their exclusion, if sustained, must rest, not upon objections personal to them, but upon defects in the formal papers which it is said the law and the regulations require as the exclusive evidence of their substantive right to enter, although the facts upon which that right depends are not seriously questioned.

Section 13 (a) of the Immigration Act of 1924 provides:

"No immigrant shall be admitted to the United States unless he (1) has an unexpired immigration visa or was born subsequent to the issuance of the immigration visa of the accompanying parent, (2) is of the nationality specified in the visa in the immigration visa, (3) is a nonquota immigrant if specified in the visa in the immigration visa as such, and (4) is otherwise admissible under the immigration laws."

Clause (b) of the same section provides:

"(b) In such classes of cases and under such conditions as may be by regulations prescribed immigrants who have been legally admitted to the United States and who depart therefrom temporarily may be admitted to the United States without being required to obtain an immigration visa."

Pursuant to section 13, clause (b), rule 3, subdivision (f), of the Immigration Rules of July 1, 1925, provides for the admission of aliens without the production of an immigration visa, provided they have been previously lawfully admitted to the United States and are in possession of a permit to re-enter the United States issued in accordance with the provisions of section 10 of the Immigration Act of 1924 (8 USCA § 210). Section 10 of the act, providing for the issuance of such permits, is as follows:

"Sec. 10 (a) Any alien about to depart temporarily from the United States may make application to the Commissioner General for a permit to re-enter the United States, stating the length of his intended absence, and the reasons therefor. Such ap-

plication shall be made under oath, and shall be in such form and contain such information as may be by regulations prescribed, and shall be accompanied by two copies of the applicant's photograph.

"(b) If the Commissioner General finds that the alien has been legally admitted to the United States, and that the application is made in good faith, he shall, with the approval of the Secretary of Labor, issue the permit, specifying therein the length of time, not exceeding one year, during which it shall be valid. The permit shall be in such form as shall be by regulations prescribed and shall have permanently attached thereto the photograph of the alien to whom issued, together with such other matter as may be deemed necessary for the complete identification of the alien.

"(c) On good cause shown the validity of the permit may be extended for such period or periods, not exceeding six months each, and under such conditions, as shall be by regulations prescribed. * * *

"(f) A permit issued under this section shall have no effect under the immigration laws, except to show that the alien to whom it is issued is returning from a temporary visit abroad; but nothing in this section shall be construed as making such permit the exclusive means of establishing that the alien is so returning."

In order to procure an extension of a permit to re-enter the United States, the regulations require that prior to its expiration date there shall be filed with the Commissioner General of Immigration an application in writing containing certain statements under oath, inter alia, the reasons for such extension and purposes for which it is desired, together with the applicant's foreign address, to which the permit is to be returned. The original permit is required to accompany the application for extension, and it is provided that it shall be returned to the alien at the alien's foreign address. Rule 24, subdivision (c).

[2, 3] In this case, the aliens, husband and wife, having for many years resided in this country and desiring to make a temporary visit abroad, procured permits under section 10 of the Immigration Act of 1924 for their return to this country within a period of one year, expiring January 31, 1926. They arrived at Ellis Island on February 20, 1926, without having theretofore obtained any extension of their permits. When examined before the Board of Special Inquiry, they exhibited these permits, together with two

Italian passports issued in Italy February 2, 1926. The husband testified that he knew the validity of the permits would expire on January 31, 1926, and in explanation of their failure to return before that time stated that they were prevented from leaving Italy because of their inability to secure Italian passports.

Technically, formal application should have been made by the aliens for an extension of their permits to return before the expiration date, and before leaving Italy. This would have necessitated their remaining in Italy until the application for an extension had been acted upon and the results communicated to them. There can be little doubt that, had the forms required by the regulations been complied with in advance of their leaving Italy, they would have in due course received an extension of their permits to return. Because of their failure to comply with purely formal technicalities they are told upon their arrival at Ellis Island that there is no discretion in the Secretary of Labor to waive their default, and that they are barred by positive requirement of law and must return to Italy, because they were 20 days late in arriving here.

Such a result obviously exalts form above substance, and gives to regulations intended to effectuate the intention of the statute an effect which defeats its purpose. This seems clear from the general purpose of section 13, which deals, not with qualifications for admission, but with the requisite evidence of such qualifications. This being its purpose, the broadest discretion is granted to the Secretary to dispense with procedural form when substantive right cannot otherwise be served (section 13 [b] and [d]), and immigration visas are dispensed with whenever the alien has in his possession a permit issued in accordance with section 10 of the Immigration Act of 1924, rule 3 (f). See, also, Executive Order No. 4125, January 12, 1925. True, the permits having expired, the aliens were technically in default under the regulation providing for its extension. But this was an informality which, in his discretion, the Secretary could wave, if the aliens were in fact entitled to enter. Indeed, if form must be served, the permits can now be extended.

But to dispense with a visa it is not required by rule 3 (f) that the alien have in his possession an *unexpired* permit, or a permit which has been extended. On the contrary, he is required to have in his possession a permit "issued in accordance with sec-

tion 10 of the Immigration Act of 1924." And it does no violence to the letter either of the statute or of the regulations to hold that, such permits having been issued in this case, the aliens were under no circumstances required to obtain immigration visas. Hence the exclusion must rely solely upon the expiration of the return permits issued under section 10, and their consequent invalidity.

[4] But, as already indicated, the default in applying for an extension of these permits may be waived, and the permits may now be extended, if the dictates of pure form must be followed. But, even this would seem to be entirely unnecessary, because it is provided in section 10 (f) that the only effect of the permits issued thereunder is evidentiary, to show that the aliens to whom they are issued are returning from a temporary visit abroad, and that such permits are not to be regarded as the exclusive means of establishing that fact. If a valid permit were made indispensable evidence of a right to enter, as an immigration visa is under section 13 (a), the decision excluding these aliens would be correct, in the absence of any extension of their permits. But since a permit, unlike a visa, is not the exclusive evidence of the right to enter, it plainly follows from the provisions of section 10 (f) that its entire effect may be supplied by extrinsic evidence. In a word, the aliens were not required to have an immigration visa.

Their permits under the immigration laws had no effect, except to furnish evidence in convenient form that they were returning from the temporary visit abroad. When the permits expired, it is true they were deprived of validity; but, since their only effect was evidentiary, invalidity became utterly immaterial, upon the production of testimony establishing the only fact of which the permits, if they had been valid, would have been evidence. The error involved in the administrative ruling was in giving to the permits the effect which is given to immigration visas. This was clearly contrary to the express provisions of section 10 (f), and the facts upon which the aliens' right to enter depended should have been determined upon the testimony, independently of the permits.

Under these circumstances, the relators, although wrongfully excluded, will not be discharged, but will be remanded to the custody of the Commissioner of Immigration, with directions that they be given a rehearing under the provisions of the seventh proviso of section 3 of the Immigration Act of 1917 and rule 12 (a) of the Rules of July 1, 1925.