**UNITED STATES ex rel. TIMPANO v. DAY,**
Commissioner of Immigration.

District Court, S. D. New York. October 10, 1927.

1. **Aliens ⬄46—Immigration rules, establishing conditions to re-entry of domiciled aliens after temporary visit abroad, held valid (Immigration Act 1924, being 8 USCA §§ 210[f], 213[b]).**

Immigration Rules March 1, 1927, rule 3, subd. F, par. 3 and subdivision J, par. 2, as amended by General Order No. 87, which require immigrants previously lawfully in country, and returning to the United States from temporary visits abroad, to present unexpired valid immigration visas, or in lieu thereof unexpired valid permits to re-enter, *held* not invalid, as contrary to section 10(f), Immigration Act 1924 (8 USCA § 210[f]), being authorized under section 13(b) of the act (8 USCA 213[b]).

2. **Aliens ⬄46—Secretary of Labor under conditions stated, held to have discretionary power to extend permit to re-enter of resident alien, after temporary visit abroad.**

Where an alien resident, having a substantive right to re-enter after a temporary visit abroad, in good faith returned to the United States after expiration of his permit to re-enter and without having it extended, but is barred from re-entry by regulations established since his departure, the Secretary of Labor has discretionary power to extend his permit.

Habeas Corpus. Petition for a writ of habeas corpus by Luigi Timpano, held by Benjamin M. Day, Commissioner of Immigration at the port of New York, for deportation pursuant to an order of the Commissioner General of Immigration, who has affirmed the decision of a Board of Special Inquiry excluding relator from admission to the United States. Writ dismissed, and relator remanded.

Gaspare M. Cusumano, of New York City, for relator.

Charles H. Tuttle, U. S. Atty., of New York City (Edward Feldman, Asst. U. S. Atty., of New York City, of counsel), for respondent.

THACHER, District Judge. The relator, an alien resident of the United States, was excluded from entry when returning from a temporary visit abroad. He was first lawfully admitted to the United States in March, 1907, and since that date has made temporary visits to Italy, including an absence from May, 1915, to November, 1919, during which period he served as a reservist in the Italian army. He left the United States on his last trip abroad on July 24, 1926, and returned here in September 3, 1927. He went abroad on a temporary visit;

his purpose in going being evidenced by a permit to re-enter the United States, issued pursuant to section 10 of the Immigration Act of 1924 (8 USCA § 210), which, however, expired on July 23, 1927. Before embarking upon the ship to come to this country, he neglected to obtain an extension of his re-entry permit, and upon arrival was excluded by a Board of Special Inquiry as a nonquota immigrant not in possession of an immigration visa or an unexpired return permit. His status as a nonquota immigrant, and his right to re-enter with proper papers, is clear.

If this case had arisen under the Immigration Rules of July 1, 1925, the decision of this court in United States ex rel. Patti et al. v. Curran, 22 F.(2d) 314, would be pertinent. But by the Rules of March 1, 1927, rule 3, subdivision F, paragraph 3, which had previously applied only to immigration visas, was extended to apply to permits to re-enter. This portion of the rule now reads as follows:

"Paragraph 3. Where an immigrant arriving in the United States by water or arriving by water at a port designated as a United States port of entry for aliens in foreign contiguous territory, is in possession of and presents an immigration visa or permit to re-enter which has expired, such immigrant shall be excluded unless it shall satisfactorily appear that the immigrant embarked on the vessel by which he arrives prior to the expiration of the validity of such immigration visa or permit, and that he has proceeded by continuous voyage to the United States."

Paragraph 2 of subdivision I of the same rule, which remained unchanged in the Rules of March 1, 1927, was recently amended by General Order No. 87, on April 29, 1927, to provide as follows:

"Paragraph 2. An alien claiming to be a nonquota immigrant on the ground that he has been previously lawfully admitted to the United States and is returning from a temporary visit abroad shall not be admitted as such unless at time of arrival he shall establish that he has been previously lawfully admitted to the United States and is returning from a temporary visit abroad, and presents an unexpired valid immigration visa duly issued by an American consular officer designating the holder as such: Provided, that the presentation of an unexpired valid permit to re-enter, duly issued to the holder thereof pursuant to the provisions of section 10 of the Immigration Act of 1924, shall be deemed to show prima facie that such holder is returning from a temporary visit abroad,

and shall be accepted also in lieu of immigration visa: And, further provided, that any alien who establishes that he has been previously lawfully admitted to the United States and is returning from a temporary visit of not more than six months to Canada, Newfoundland, Bermuda, St. Pierre, Miquelon, Mexico, and islands included in the Bahama and Greater Antilles groups shall be permitted to enter the United States without an immigration visa or permit to enter."

And in the same General Order, paragraph 5 of subdivision I was likewise amended to provide as follows:

"Where an immigrant claiming a nonquota status fails to meet the requirements of this subdivision, he shall be held for examination in relation thereto by a board of special inquiry."

In the case of Patti v. Curran, supra, it was not necessary to pass upon the validity of the Regulations, because it was thought that under the regulation then in force, the relators being in possession of permits to reenter which had expired, the failure to procure an extension was an informality which the Secretary in his discretion could waive, if the aliens were in fact entitled to enter. In that case it had been expressly found by the immigration authorities that the Secretary of Labor had no discretion to waive the defect, and the ruling of the court was merely that under the Regulations then in effect the Secretary could in his discretion waive the defect.

[1] Rule 3, subdivision F, paragraph 3, as amended in the Rules of March 1, 1927, and paragraph 2 of subdivision I of the same rule, as amended by General Order No. 87, require immigrants previously lawfully admitted and returning to the United States from temporary visits abroad to present unexpired valid immigration visas, or, in lieu thereof, unexpired valid permits to re-enter. If, valid, these Regulations conclude the relator's rights. But it is insisted that they are invalid because contrary to the provisions of section 10 (f) of the act of 1924, which provides:

"(f) A permit issued under this section shall have no effect under the immigration laws, except to show that the alien to whom it is issued is returning from a temporary visit abroad; but nothing in this section shall be construed as making such permit the exclusive means of establishing that the alien is so returning."

The relator's contention is sustained by the decision of the Circuit Court of Appeals for the First Circuit in Johnson v. Keating, 17 F.(2d) 50, where it was held that rule 3, subdivision F, paragraph 1, of the Rules of 1925 was invalid, because it required the presentation of a return permit or an immigration visa, and the writ was sustained, although the relator had no permit to re-enter, expired or unexpired, nor an immigration visa. One of the judges in that case dissented, concluding that the regulation was valid under section 13 (b) of the act of 1924. Section 13 (8 USCA § 213) provides:

"Sec. 13. (a) No immigrant shall be admitted to the United States unless he (1) has an unexpired immigration visa or was born subsequent to the issuance of the immigration visa of the accompanying parent, (2) is of the nationality specified in the visa in the immigration visa, (3) is a nonquota immigrant if specified in the visa in the immigration visa as such, and (4) is otherwise admissible under the immigration laws.

"(b) In such classes of cases and under such conditions as may be by regulations prescribed immigrants who have been legally admitted to the United States and who depart therefrom temporarily may be admitted to the United States without being required to obtain an immigration visa."

The enactment of Congress is that no immigrant shall be admitted to the United States unless he has an unexpired immigration visa, but that this requirement, in so far as it affects immigrants returning from temporary visits abroad, may be dispensed with in cases and under conditions prescribed by regulation. Unless, therefore, the relator can bring himself within the conditions which have been prescribed by regulation for dispensing with an immigration visa, his admission is prohibited, not by regulation, but by the statute itself, because he has no immigration visa. The indispensable condition, now imposed by the Regulations for dispensing with an immigration visa in such a case as his, is the possession of an unexpired permit to return. The relator's permit having expired before he embarked on his return voyage, he cannot meet this condition, and therefore is subject to exclusion under section 13 (a) of the statute.

Section 10 (f) does not conflict with this construction of section 13. It is there provided: "But nothing in this section [i.e., section 10] shall be construed as making such permit the exclusive means of establishing that the alien is so returning." The Regulations do not make the permit the exclusive means of establishing that the alien is returning from a temporary visit abroad. Its possession, whatever its evidentiary effect may

be under section 10 (f) is made the condition for dispensing with the possession of an immigration visa required under section 13 (a). That section 10 (f) is not affected by the Regulations is at once apparent, because it is clear from their terms that the relator would have been admissible if he had presented an unexpired immigration visa, and had established, by any satisfactory proof and without producing an unexpired permit, that he had been previously lawfully admitted to the United States and was returning from a temporary visit abroad.

The provision quoted from section 10 (f) deals with the evidentiary effect of the permit. It does not limit either the requirement of an immigration visa under section 13 (a) or the authority to dispense with this requirement conferred by section 13 (b). It is, I think, entirely clear that Congress did not intend to dispense with immigration visas even in the case of aliens returning from temporary visits abroad, except under conditions prescribed by Regulation.

The argument in behalf of the relator comes to this: That the only Regulations under which he can hope to escape the requirement that he present an immigration visa are invalid. If this were true he would be subject to exclusion because he has no immigration visa. With great deference to the opinion of the court in Johnson v. Keating, supra, I find myself unable to concur in the decision of that case, and cannot escape the conclusion that the Regulations here in question were authorized by section 13 (b) of the act of 1924.

[2] This case is one of obvious hardship. The substantive right of the relator to re-enter is not and cannot be disputed. He is to be excluded for failure to comply with Regulations purely administrative in purpose. These Regulations were promulgated after he left this country. He claims to have embarked in good faith, relying upon information received from the steamship company that he was entitled to come here. Upon his return to Italy he will be entitled, upon application to an American consul, to receive an immigration visa and to return here as an alien resident returning from a temporary visit abroad. The paper which he will thus obtain will evidence no fact which is not conceded upon the present record.

Under these circumstances, I cannot doubt the existence of discretion in the Secretary of Labor to validate his permit, even at this time, by extending the term of its validity. But the court has no power to exercise any such discretion, or to direct its exercise by the Secretary, and the writ must therefore be dismissed, and the relator remanded to the custody of the respondent.