## SERPICO v. TRUDELL, Immigration Inspector.

District Court, D. Vermont.

Nov. 8, 1928.

Harold Van Riper and Francis E. Hamilton, both of New York City, for relator.

Harry B. Amey, U. S. Atty., of Burlington, Vt., for respondent.

HOWE, District Judge.

The relator is a returning Italian immigrant, and has been denied admission by a board of special inquiry because he did not have an immigration visa in accordance with the Immigration Act of 1924.

The legal question is: Is he a nonquota immigrant having been lawfully admitted to the United States, and is he returning from a temporary visit abroad? The evidence is all one way. Section 4 (b) of the Act of 1924 (8 USCA § 204 (b) defines a nonquota immigrant as "an immigrant previously lawfully admitted to the United States, who is returning from a temporary visit abroad." Section 13(a), 8 USCA § 213 (a) (1, 4), (b), provides: "No immigrant shall be admitted to the United States unless he (1) has an unexpired immigration visa * * * and (4) is otherwise admissible under the immigration laws." Subsection (b) provides: "In such classes of cases and under such conditions as may be by regulations prescribed immigrants who have been legally admitted to the United States and who depart therefrom temporarily may be admitted to the United States without being required to obtain an immigration visa." Subdivision I, par. 2, of rule 3 of the Rules of July 1, 1925 (p. 96), provides: "An alien claiming to be nonquota immigrant by reason of having been previously lawfully admitted to the United States and to be returning from a temporary visit abroad shall be required to establish such fact to the satisfaction of the examining immigration official: Provided, That the presentation of a return permit duly issued to such alien pursuant to the provisions of section 10 of the immigration act of 1924 shall be deemed prima facie evidence of the fact that such alien is returning from a temporary visit abroad." And par. 5 of the same rule (p. 96) provides: "Where an immigrant claiming a non-quota status fails to satisfactorily establish such status in the manner required by this subdivision, he shall be held for examination in relation thereto by a board of special inquiry."

The relator came to the United States from Naples, Italy, when a boy eight years old, and was lawfully admitted at the port of New York in 1908. He has had his domicile in New York ever since. The evidence of this is clear. His father came over from

Italy five years before, was lawfully admitted at the port of New York in 1903, has worked at his trade of a tailor, and had his domicile there ever since. He brought his family here in 1908—his wife (the mother of his three children), the relator, a daughter, and another son. They were lawfully admitted at the port of New York and have all lived at the family home in New York City ever since, except that in 1914, when the relator was fourteen years old, his father sent him to Italy temporarily for the purpose of completing his education. He attended Alexander Mozoni College there, where he graduated with a degree in 1917. Then he attended Geordano Brurio College, where he completed a three-year course in two years. Then he entered the University of Naples where he completed a six-year course in medicine and surgery, and graduated on June 7, 1924, with the degree of Doctor of Medicine. He did nothing but study in these institutions while in Italy except to serve eleven months at the Front in the Italian Army during the World War. His father and uncle—his father's brother, a priest at the Geordano Brurio College where he attended—paid for his education. He did not intend to remain in Italy indefinitely or to practice his profession there, but intended to return to his home in this country and practice here as soon as he completed his professional training.

After his graduation in June, 1924, he was refused an Italian passport to the United States because there were two or three hundred thousand applicants ahead of him. He then obtained a passport for England. There it was reissued for Canada, and there reissued for the United States, but a nonquota immigration visa was refused by the United States Consul at Montreal, Canada.

He was temporarily admitted to the United States for six months at Montreal, on June 16, 1925, on giving a bond conditioned that he would return to Canada, etc. Later the time was extended to January 10, 1927. During this time, after being at his home in New York City for about a month, he entered Flower Hospital at Sixty-Fourth street as an interne-externe, and after eight or nine months he became a regular interne there. He went to Montreal and presented himself to Immigrant Inspector Lavandeira for inspection and admission as a returning nonquota immigrant having been lawfully admitted to the United States and returning from a temporary visit abroad, was held by the inspector and examined by a board of special inquiry there, and rejected on August 20, 1926,

because he did not have a nonquota visa. He then came back to his home in New York City and resumed his position as an interne at the hospital until January 10, 1927, when he returned to Montreal in obedience to the condition of his bond and had it canceled. Later he presented himself to Immigrant Inspector Lincourt at the port of St. Albans, Vt., for inspection and admission as a returning nonquota immigrant having been lawfully admitted to the United States and returning from a temporary visit abroad, was held by the inspector, examined by a board of special inquiry at the port of St. Albans, Vt., and on February 10 was rejected because he did not have a nonquota visa "in conformity with the Immigration Act of 1924."

The evidence introduced at both hearings is made the record of the last examination. The relator was returning from a temporary visit abroad and was entitled to be admitted without a nonquota visa, as provided in section 4(b) of the Act of 1924, 8 USCA § 204(b), and section 13 (a) (4) and (b) of that Act, 8 USCA § 213 (a) (4) and (b), and subdivision I, par. 2, of rule 3 of the Rules of 1925. He was returning to his home which had actually been kept for him by his father and mother during all the time he was away. He was returning to his family—his father and mother, his brother and sister. This was more than a retention of domicile. It was retaining an actual home wherein his parents and his brother and sister were actually living and actually waiting for his home-coming. U. S. v. Day (C. C. A.) 21 F.(2d) 307. Section 10 of the Act of 1924 (8 USCA § 210) and subdivision F of rule 3 (p. 93) of the Rules of 1925 do not apply to a returning immigrant who left the United States for a temporary visit abroad before that act was passed and the rules adopted. Such immigrants returning from a temporary visit abroad could not comply with that section or that rule. In the act of 1924, Congress did not limit returning nonquota immigrants to those who have temporarily been abroad for six months. The only condition which Congress has imposed is that they have departed temporarily and that they are returning from such temporary visit abroad. From the language of section 10 (8 USCA § 210) and subdivision F of rule 3 (p. 93) of the Rules of 1925, it is plain that they apply only to immigrants leaving for a temporary visit abroad after the statute was passed. Any other construction would prevent all immigrants who happened to be temporarily vis-

iting abroad at the time this statute was passed from ever returning, for none of them could possibly have or obtain the permit required by that section and that rule. The language is plain and unambiguous, in section 13 (b), 8 USCA § 213 (b), that immigrants who have been legally admitted to the United States and who depart therefrom temporarily may be admitted without an immigration visa. The Commissioner General of Immigration, etc., is given authority by section 24 of the Act of 1924 (8 USCA § 222) to prescribe rules and regulations for the enforcement of the provisions of that act. He is not given authority to enlarge or restrict its provisions, and that is the effect of subdivision F of rule 3 (p. 93) if an immigrant temporarily visiting abroad at the time the statute was passed cannot return without an immigration visa or permit. Manifestly paragraph 2 of subdivision I of rule 3 (p. 96) applies to the relator, and subdivision F of rule 3 (p. 93) is void, as held in Johnson v. Keating (C. C. A.) 17 F.(2d) 50; U. S. v. Curran (D. C.) 22 F.(2d) 314. In this case it happens that effect can be given both to the statute and the rules by giving them a reasonable construction, viz.: That paragraph 2 of subdivision I of rule 3 (p. 96) applies to returning immigrants who left for a temporary visit abroad before the statute was passed, and that section 10 (8 USCA § 210) and paragraph 1, subd. F, of rule 3 (p. 93), applies to those leaving for a temporary absence after the statute was passed.

The relator should have been admitted. Therefore he is discharged.