**UNITED STATES ex rel. POLYMERIS et al. v. TRUDELL, Immigration Inspector in Charge.**

No. 294.

Circuit Court of Appeals, Second Circuit.

May 4, 1931.

The relators are two subjects of Greece who presented themselves for admission at St. Albans, Vt., on August 2, 1930, as aliens who had previously been lawfully admitted to this country and were returning from a temporary visit abroad. Aspasia Polymeris is the mother of Antigone Polymeris. They first entered the United States in 1909 and lived in New York City until September, 1913, where Aspasia had, and has, two sons in business. They then returned to Greece for a visit and came back to this country in 1914. From then on they lived in New York City, where Antigone was educated and later employed, until they returned to Greece

in 1923. They both were domiciled in New York from 1909, and the evidence is perfectly plain and convincing to the effect that neither of them has abandoned her domicile but has at all times since it was acquired intended to keep it and to make her permanent residence in this country..

They went to Greece in 1923 because the husband of Aspasia was sick at his home there at Volo. When they left, they executed an affidavit showing their intention to return within six months. Before that period expired it became apparent that they needed to remain longer, and Antigone wrote to the American consul at Athens for an extension of time. He replied that " * * * Your papers cannot be renewed for a stay longer than six months time unless you can furnish very good reasons for your longer delay." Although she testified that she replied to the consul's letter and complied with his requirement, there is no record of her reply ever having been received at the consulate and no return permit was ever issued to either of these aliens. The husband died in 1924. There was some delay in settling his estate, and, when the relators were ready to return to this country, application was made to the consul by letter some time in 1924 for return permits. They were refused. In 1925, another such application was made and denied. In 1926, they employed a Greek lawyer in Athens to assist them, and he was unsuccessful. In 1929, Antigone personally applied to the consul for return permits and was refused. Her brothers in New York engaged a New York attorney who endeavored in vain to obtain return permits. In 1930, acting under the advice of this lawyer, who believed their cause would be advanced if they could present themselves for admission at the border, they obtained transit visas through Canada en route to Japan, landed at Montreal, came to St. Albans, and applied for admission. They were excluded because they had neither immigration visas nor return permits.

Harry B. Amey, U. S. Atty., of Burlington, Vt., for appellant.

Harold Van Riper, of New York City, for appellees.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

The learned District Judge adopted the views expressed in the opinion in Johnson

v. Keating (C. C. A.) 17 F.(2d) 50, and discharged the aliens on the ground that they were entitled to admission as non-quota immigrants under section 4 (b) of the Act of 1924 (8 USCA § 204 (b), since they had previously been lawfully admitted to the United States and were returning from a temporary visit abroad. It is true that they had previously lawfully been admitted, had established their domicile here, and were returning from a visit abroad. Their visit had been somewhat extended first by the sickness and death of Aspasia's husband, by the necessity for remaining to settle his estate, and then by the delay occasioned by their persistent, though fruitless, attempts to obtain return permits. What is a temporary visit cannot be defined in terms of elapsed time alone, when it is of such duration that its temporary character may reasonably be questioned. Then the intention of the visitor, when it can be determined, will control. U. S. ex rel. Lesto v. Day (C. C. A.) 21 F.(2d) 307, 309. Ordinarily the intention must be, as said in the above case, "to return within a period relatively short, fixed by some early event." We think the relators have brought themselves well within the claimed status as immigrants once lawfully admitted who were returning from a temporary visit abroad. They always intended to come back as soon as they could. That depended upon the condition of health of Aspasia's husband and after he died upon the time required for them to remain to attend to the settlement of his estate. Surely this was all a matter of time which might be relatively short, and, with proof of an unrelinquished United States domicile of seven consecutive years satisfactory to the Secretary of Labor, gave him power to admit them in his discretion under 8 USCA § 136 (p). See Immigration Rules of January 1, 1930, Rule 13 (A). However, he has not admitted them, and the issue now is whether they could enter of right with no return permits and no immigration visas.

Although we have great respect for the court which rendered the decision in Johnson v. Keating, supra, we cannot agree with that decision. Section 13 (a) of the Immigration Act of 1924, 8 USCA § 213 (a), so far as pertinent to the present case, denies an immigrant admission to the United States unless he has an unexpired immigration visa.

Subdivision (b) of the same section is as follows: "(b) In such classes of cases and under such conditions as may be by regulations prescribed immigrants who have been legally admitted to the United States and who depart therefrom temporarily may be admitted to the United States without being required to obtain an immigration visa." (8 USCA § 213(b).

The 1930 regulations prescribed and applicable provide: "Par. 2. An alien claiming to be a non-quota immigrant on the ground that he had been previously lawfully admitted to the United States and is returning from a temporary visit abroad shall not be admitted as such unless at the time of arrival he shall establish that he has been previously lawfully admitted to the United States and is returning from a temporary visit abroad, and presents an unexpired valid immigration visa duly issued by an American consular officer designating the holder as such: Provided, that the presentation of an unexpired valid permit to reënter, duly issued to the holder thereof pursuant to the provisions of Sec. 10 of the Immigration Act of 1924, shall be deemed to show prima facie that such holder is returning from a temporary visit abroad, and shall be accepted also in lieu of immigration visa."

Thus it appears that, regardless of other requirements, a returning alien cannot enter unless he has either an immigration visa or a return permit. If he has one or the other, he is not limited in the proof of his right to enter to the prima facie proof afforded by the visa or the permit, but possession of one or the other of those two documents is an absolute condition upon his admission. See United States ex rel. Timpano v. Day (D. C.) 21 F.(2d) 852.

It is true that section 10 (f) of the Immigration Act of 1924, 8 USCA § 210 (f), provides that: "(f) A permit issued under this section shall have no effect under the immigration laws, except to show that the alien to whom it is issued is returning from a temporary visit abroad; but nothing in this section shall be construed as making such permit the exclusive means of establishing that the alien is so returning."

If read literally, this might be taken to nullify the regulation in so far as it provides that the return permit "shall be accepted also in lieu of immigration visa." But we think it plainly has to do only with the effect of the permit as evidence and not with its possession being made a condition for dispensing with the necessity for having an immigration visa if an alien can bring himself within the regulations authorized by section 13 (b) of the Act of 1924, 8 USCA § 213 (b). U. S. ex rel. Timpano v. Day, supra.

It follows that these aliens were properly excluded under section 13 (a) of the Immigration Act of 1924 (8 USCA § 213 (a), since the Secretary of Labor did not admit them in his discretion under 8 USCA § 138 (p), and neither presented an unexpired valid immigration visa or an unexpired valid permit to re-enter in accordance with the regulations promulgated under section 13 (b) of that act.

Order reversed.