### SWENSON v. THOMAS.
### No. 2126.

District Court, N. D. Texas,
Dallas Division.

Oct. 16, 1946.

S. G. Winstead and Thompson, Knight, Harris, Wright and Weisberg, all of Dallas, Tex., for plaintiff.

Robert B. Young, Jr., U. S. Atty., and William P. Fonville, Asst. U. S. Atty., both of Fort Worth, Tex., for defendant.

ATWELL, District Judge.

Summarizing the facts stipulated and the brief oral testimony, it is sufficient to say that plaintiff was a resident of El Campo, Texas, and an employee of the Geophysical Service, Inc. As such employee he was sent to different foreign countries to make explorations and investigations. His absence and right of entry was noted and guaranteed by regularly issued passports.

The amount in controversy was paid under what is known as the 1942 amendment of Sec. 116 (a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 116 (a), for the taxable years 1943 and 1944, while the plaintiff was working in Colombia, South America.

This amendment changed the exemption from income taxes which had theretofore been enjoyed by the taxpayer who was physically absent from the United States for more than six months of the applicable period. No question seems to be raised as to the constitutional power of Congress to tax the income of a citizen of the United States, earned outside of the country. Cook v. Tait, 265 U. S. 47, 44 S.Ct. 444, 68 L.Ed. 895. Nor that an exemption from taxation is not to be extended by implication and analogy. United States v. Stewart, 311 U. S. 60, 61 S.Ct. 102, 85 L.Ed. 40.

The amendment came after the courts had differed somewhat over the construction the Commissioner had given the original exemption, and the history of the amendment shows the intention of Congress to give full play to the amendment so that it would exempt only a bona fide resident during an entire taxable year and that the tests as to whether a taxpayer is a resident of a foreign country will be those generally applicable to ascertaining whether an alien is a resident of the United States.

The regulation with reference to that particluar matter is shown at Sec. 29-211—2, which says,

"An alien actually present in the United States who is not a mere transient, or, sojourner, is a resident of the United States for the purposes of the income tax. Whether he is a transient is determined by his intentions with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to another country, is not sufficient to constitute him a transient. If he lives in the United States and has no definite intention as to his stay, he is a resident. One who comes to the United States for a definite purpose which in its nature may be promptly accomplished, is a transient; but if his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien makes his home temporarily in the United States, he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated, or, abandoned. An alien whose stay in the United States is limited to a definite period by the immigration laws, is not a resident of the United States within the meaning of this Section, in the absence of exceptional circumstances."

The plaintiff does not bring himself within the exemption as thus photographed. He went to Colombia for a definite purpose, and the living conditions there were of such a nature that it was impossible for him to establish a "bona fide residence" in a foreign country.

His employment made him subject to transfer at any time. His transportation back to the United States was arranged in advance. His contract was for a definite period, and was extended for an additional year after its expiration. There was no intention, whatever, on the part of the plaintiff to abandon his residence in the United States. See Ingram v. Bowers, D.C., 47 F.2d 925, affirmed 57 F.2d 65; Serpico v. Trudell, D.C., 46 F.2d 669.

The plaintiff's address was furnishable at all times by his mother who resided at El Campo, Texas. His salary was banked at Dallas, Texas, and his living conditions in Colombia were not at all congenial to one of his disposition and status.

There was no fixedness about the plaintiff's residence in Colombia, nor in any other place to which he was sent. His employer was using him to inspect, test, drill for, and otherwise discover oil and minerals in paying quantities, as well as to definitely condemn properties so inspected and tested which did not offer such potentialities. The plaintiff was subject to quick removal from place to place if, in truth, it appeared there was an emergency for such testing and investigation at a place which seemed to offer earlier prospects for becoming producing territory. He spoke of himself as a "transient," and he maintained a reliable source for the securing of his address from his mother and other relatives, as stated above. The funds which he earned were not taken with him to Colombia, nor sent to any Colombian depository, neither did he enjoy any congenial social atmosphere, nor surrounding, nor did he attempt to make any bona fide residence or domicile in any of such places. In truth, a large part of his pioneering and investigation was done in jungle and repellent territory and among natives that were not very inviting as social companions.

There appears to be no substantial fact to justify the conclusion that he was, in any sense, under the amendment, "a bona fide resident," in Colombia during the period for which he has paid the income tax, and for which he sues.

Judgment must go for the defendant.