**CHUN SHEE v. NAGLE, Commissioner of Immigration of the Port of San Francisco.**

(Circuit Court of Appeals, Ninth Circuit. November 23, 1925. Rehearing Denied January 4, 1926.)

No. 4636.

**1. Aliens ☞54—Irregularities in arrest will not justify discharge of alien subject to deportation.**

Irregularities in arrest of alien will not justify his discharge, if it appears on hearing that he is subject to deportation.

**2. Aliens ☞54—Regulations promulgated by Secretary of Labor have force of law.**

Regulations defining procedure in deportation hearings, promulgated by Secretary of Labor under authority of Immigration Act 1917, §§ 16, 23 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼i, 4289¼o), have force of law.

**3. Aliens ☞54—Alien held not in position to complain that particular desired witness had not been subpœnaed.**

Rule 23 of regulations defining procedure in deportation hearings promulgated by Secretary of Labor, and requiring alien to affirmatively show relevancy of proposed evidence as condition precedent to issuance of subpœna under Immigration Act 1917, § 16 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼i), to compel attendance of desired witness, is reasonable, and alien having failed to comply therewith is not in position to say that her hearing had been unfair because particular witness had not been subpœnaed.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Habeas corpus proceeding by Chun Shee against John D. Nagle, Commissioner of Immigration of the Port of San Francisco. From a decree dismissing the petition, petitioner appeals. Affirmed.

Appellant, a native of China, came to the United States in 1921. She was admitted as the wife of Yee Ah Shung, a native of this country. A deportation warrant was issued for her arrest, September 8, 1924, on the ground that she had been practicing prostitution. After a hearing at which she was represented by counsel, it was determined that the charge was sustained, and the Secretary of Labor ordered her deportation. She sued out a writ of habeas corpus in the District Court for the Northern District of California. Her petition was dismissed on demurrer, and she appeals.

J. H. Sapiro, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge (after stating the facts as above). [1] It is contended that there was an insufficient showing of facts to justify the arrest of appellant. It is not necessary to notice this contention, because it is well settled that irregularities in the arrest of an alien will not justify his discharge, if it appears on a fair hearing that he is subject to deportation. U. S. v. Williams, 200 F. 538, 541, 118 C. C. A. 632; U. S. v. Uhl, 211 F. 628, 633, 128 C. C. A. 560; Healy v. Backus, 221 F. 358, 361, 137 C. C. A. 166.

It is contended that appellant's hearing was unfair. This contention is based on the refusal of the inspector in charge to issue a subpœna for Lee Yik, whose testimony was desired by appellant, and who refused to attend without a subpœna. Three witnesses for the government testified that appellant had lived at 719 Sacramento street, San Francisco, that she was under the control of a procuress residing there, and had there solicited men to accompany her to hotels and lodging houses. Appellant denied this testimony. It appeared that the ground floor at this address was occupied by a store doing business under the name of Wing Tai Yuen. Appellant contended that Lee Yik was manager of this store, and that, if called as a witness, he would testify that appellant never had lived at that address. In this connection counsel for appellant said orally: "I would like to make a statement for the record, to lay the foundation for the premises for an investigation on the part of the immigration authorities, to have a subpœna issued on behalf of the defense in this case." This was all that transpired in the matter of a request for this subpœna. With one further casual mention of the subject appellant closed her case on the 9th of December, 1924. Thereafter and under date of January 26, 1925, her counsel wrote a letter to the United States Immigration Service, San Francisco, in which he said: "There is nothing additional we have to submit in her case."

The immigration authorities investigated the premises at 719 Sacramento street and satisfied themselves that Lee Yik was not manager of the store on the ground floor or connected with it in any manner. They offered evidence to show that Lee Sun was manager.

Section 16 of the Immigration Act of 1917 (Barnes' Code, § 3716; 39 Stat. 887; Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼i) provides: "Any commissioner of immigration or inspector in charge shall also have power to require by subpœna the attendance and testimony of witnesses before said inspectors."

Section 23 of the same act (Barnes' Code, § 3726; 39 Stat. 892; Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼o) is as follows: "The duties of commissioners of immigration and other immigration officials in charge of districts, ports, or stations shall be of an administrative character, to be prescribed in detail by regulations prepared under the direction or with the approval of the Secretary of Labor."

[2] Pursuant to this authority regulations have been promulgated, with the approval of the Secretary of Labor, defining the procedure in deportation hearings. It is conceded that these regulations have the force of law. Fok Yung Yo v. U. S., 185 U. S. 296, 303, 22 S. Ct. 686, 46 L. Ed. 917.

Rule 23 of these regulations is in part as follows: "If an alien or his authorized representative requests that a witness be subpœnaed, he shall be required, as conditions precedent to the granting of the request, to state in writing what he expects to prove by such witness or the books, papers, and documents indicated by him and to show affirmatively that the proposed evidence is relevant and material and that he has made diligent efforts without success to produce the same."

[3] This rule is reasonable. Appellant has not complied with the rule, and she cannot be heard to say that the failure to subpœna Lee Yik renders the hearing unfair. We do not find the hearing unfair otherwise. Appellant's requests for time were all granted, and she was afforded ample opportunity to offer her testimony and arguments in support of her contentions.

It is finally contended that the conclusion of the Immigration Inspector and the Secretary of Labor was not warranted by the evidence and was an abuse of the discretion committed to them. We find the evidence clear and convincing that appellant has practiced prostitution since her arrival in this country, that her case comes within the operation of section 19 of the Immigration Act of 1917 (section 3719, Barnes' Code; 39 Stat. 889; Comp. St. 1918, Comp. St.

Ann. Supp. 1919, § 4289¼jj), and that the District Court did not err in dismissing her petition.

The decree is affirmed.