UNITED STATES ex rel. POLYMERIS et al. *v.* TRUDELL, IMMIGRATION INSPECTOR.

No. 162.   Argued December 9, 1931.—Decided January 4, 1932.

*Mr. Harold Van Riper* for petitioners.

*Mr. Claude R. Branch,* with whom *Solicitor General Thacher, Assistant Attorney General Dodds,* and *Messrs. Frank M. Parrish* and *William H. Riley, Jr.,* were on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The relators, Aspasia Polymeris and her daughter Antigone, are Greek citizens who lawfully entered the United States in 1909 and lived for a number of years in New York City, which became and remains their domicil. In 1923, on account of the illness of Aspasia's husband, they went back to Greece with the intention, which the courts below found that they retained, of making only a temporary visit. The death of the husband and the necessity of settling his estate prolonged their stay until 1924. Beginning in that year they made several unsuccessful applications to the United States Consul General at Athens for documents that would permit them to return to New York. Finally, in 1929, they got authority to cross Canada, on a pretended trip from Greece to Japan, and, in 1930, presented themselves at St. Albans, Vermont, for admission to the United States. They were taken into custody by the immigration inspector and sought release by habeas corpus, on the ground that they were entitled to enter the country. It was held that they "were properly excluded under § 13 (a) of the Immigration Act of May 26, 1924, 43 Stat. 153, 161, since the Secretary of Labor did not admit them in his discretion, . . . and neither presented an unexpired valid immigration visa or an unexpired valid permit to reënter in accordance with the regulations promulgated under § 13 (b) of that Act." 49 F. (2d) 730. A contrary decision was reached in *Johnson* v. *Keating,* 17 F. (2d) 50. Therefore a writ of certiorari was granted by this Court.

The relators have no right to enter the United States unless it has been given to them by the United States.

The burden of proof is upon them to show that they have the right. Immigration Act of 1924, § 23, 43 Stat. 165; Code, Title 8, § 221. By § 13, and the regulations under it, as remarked by the court below, a returning alien can not enter unless he has either an immigration visa or a return permit. The relators must show not only that they ought to be admitted but that the United States, by the only voice authorized to express its will, has said so. Obviously it has not done so, and therefore the judgment must be affirmed.

*Judgment affirmed.*