**CONTI v. TILLINGHAST, Commissioner of Immigration.**

No. 4911.

District Court, D. Massachusetts.

Dec. 2, 1932.

Paul L. Keenan, of Boston, Mass., for petitioner.

Frederick H. Tarr, U. S. Atty., and John W. Schenck, Asst. U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge.

This is a petition for a writ of habeas corpus, brought by the wife of Rosario Conti, a native of Italy, who is now held under a warrant of deportation issued by the Department of Labor on the sole ground that the alien has remained in the United States for a longer time than permitted under the Immigration Act of 1924 (8 USCA §§ 145, 146, 166, 167, 179, 201–226, 229), or regulations made thereunder. The material facts are not in dispute, and may be briefly stated:

Conti landed as a seaman on November 13, 1913, at New York, where he deserted the ship and went to Philadelphia. Since that time he resided continuously in this country until April 29, 1930, when he crossed the border into Canada, and on his return to the United States at Derby Line, Vt., he was intercepted by the immigration authorities and taken before a board of special inquiry at Newport, Vt., which after a full and fair hearing excluded him as an immigrant not in possession of an immigration visa.

On appeal, the excluding decision was affirmed, but, in view of his long residence in the United States, and out of consideration for his family here, he was allowed to enter for a temporary period of six months under a departure bond of $500 in order that he might apply for registration under the Act of March 2, 1929 (§ 1, 8 USCA § 106a). One of the conditions of the bond was that "if such registration is not granted the said Rosario Conti shall depart from the United States prior to November 20, 1930."

On July 7, 1930, he applied for registration at Boston, and, after a hearing before an inspector, the application was denied on two grounds: (a) That the alien was subject to deportation; (b) that he had not satisfied the requirements of the statute respecting good moral character.

It appeared from his own admission and from evidence submitted that in 1916 the alien had been sentenced to state prison for three to five years for breaking and entering, and that between September, 1924, and September, 1929, he had been convicted six times for violation of the liquor law, and for two of these offenses he served short periods in the house of correction. On two other occasions he paid small fines for lesser offenses, and he had been arrested but discharged for assault and battery on at least two different occasions.

Subsequently, the terms of his temporary admission not having been complied with, a deportation warrant was issued, pursuant to which the alien was taken into custody, and on September 15, 1932, a hearing was conducted by an immigration inspector, as a result of which the Commissioner of Immigration for this district recommended to the Department of Labor that the alien be deported. This decision was reviewed by the Board of

Review, which affirmed the decision, whereupon a new warrant was issued; the alien having been released on bond from the first warrant. It is under this latter warrant that the alien is now held, and in this petition for writ of habeas corpus the petitioner challenges the legality of the arrest for deportation.

There is nothing in the record to indicate that the alien did not have, at all stages of the proceedings, a full and fair opportunity to establish, if he had one, a claim to permanent and lawful residence in the United States. That being so, the action of the Department of Labor in issuing a warrant for deportation cannot be disturbed by the judicial branch of the government. United States ex rel. Vajtauer v. Com'r, 273 U. S. 103, 47 S. Ct. 302, 71 L. Ed. 560; Ng Fung Ho v. White, Com'r, 259 U. S. 276, 42 S. Ct. 492, 66 L. Ed. 938; Berkman v. Tillinghast, Com'r (C. C. A.) 58 F.(2d) 621; Skeffington, Com'r, v. Katzeff (C. C. A.) 277 F. 129; Hughes, Com'r, v. U. S. ex rel. Branzetti (C. C. A.) 1 F.(2d) 417; Ex parte Riley (D. C.) 17 F.(2d) 646; Mason ex rel. Lee Wing You v. Tillinghast, Com'r (C. C. A.) 27 F.(2d) 580.

I do not understand that it is urged on behalf of the alien that the hearings before the board of special inquiry and before the inspectors were not conducted with a due regard to his rights.

The alien's last entry into the United States was on April 29, 1930, United States ex rel. Claussen v. Day, Com'r, 279 U. S. 398, 49 S. Ct. 354, 73 L. Ed. 758; United States ex rel. Stapf v. Corsi, 53 S. Ct. 40, 77 L. Ed. —— (U. S. Supreme Court, Nov. 7, 1932), United States ex rel. Georgas v. Day, Com'r (C. C. A.) 43 F.(2d) 917; Jackson v. Zurbrick (C. C. A.) 59 F.(2d) 937, compare Lewis v. Frick, 233 U. S. 291, 34 S. Ct. 488, 58 L. Ed. 967, and his failure to produce an immigration visa was adequate grounds for the excluding decision then rendered. United States ex rel. Polymeris v. Trudell,

284 U. S. 279, 52 S. Ct. 143, 76 L. Ed. 291, Zurbrick v. Borg (C. C. A.) 47 F.(2d) 690. Compare United States v. Vanbiervliet, 284 U. S. 590, 52 S. Ct. 132, 76 L. Ed. 509.

It follows that the rights of the alien to enter and remain in the United States were governed wholly by the terms of his temporary admission which required him to depart on or before November 20, 1930, if he failed to secure registration. Having failed to comply with the terms of his bond, he was subject to deportation as an alien entering the United States who is found to have remained therein for a longer time than permitted under the Immigration Act of 1924 and regulations made thereunder (Immigration Act of 1924, § 14, 43 Stat. 162 [8 USCA § 214]). United States ex rel. Stapf v. Corsi, supra.

If we assume, therefore, that this court has power to review the action of the Department of Labor in issuing the deportation warrant, the decision would have to be affirmed on the law clearly applicable to the case.

It is urged, however, on behalf of the alien that he was unjustly deprived of his registration; the argument being that the evidence did not warrant a finding that the alien was not a person of good moral character. This conclusion, like all other conclusions of fact of the officials charged with administering the Immigration laws, must be accepted as final, if there is any substantial evidence to support the findings.

In view of the evidence before the inspector of the numerous arrests and convictions for different crimes extending over a period of several years, it must be held that his decision was neither arbitrary nor unreasonable when he found as a fact that the alien did not meet the requirements of the act of 1929, which provided that an alien, in order to register, must satisfy the Commissioner General of Immigration that he is a person of "good moral character."

Petition denied.