**UNITED STATES ex rel. LAMP v. CORSI,
Com'r of Immigration.**

No. 40.

Circuit Court of Appeals, Second Circuit.
Dec. 5, 1932.

George Z. Medalie, U. S. Atty., of New York City (William Jay Hoff, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Harper & Matthews, of New York City (Harold Harper and Vincent P. Uihlein, both of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

When the relator falsely represented himself to be an American citizen at the time he entered in April, 1930, he was not examined as an alien. On the contrary, he evaded such an examination when he succeeded in getting passed as a citizen. Compare Saadi v. Carr (C. C. A.) 26 F.(2d) 458. Every alien who comes into the United States must enter as an alien whether he has been here before or not. Lapina v. Williams, 232 U. S. 78, 34 S. Ct. 196, 58 L. Ed. 515. And every alien who departs from any place outside the United States destined for this country is an immigrant within the meaning of the Immigration Act unless he proves himself to be within one of the exceptions. Karnuth v. United States, 279 U. S. 231, 49 S. Ct. 274, 73 L. Ed. 677. The relator, therefore, when he entered by subterfuge in April, 1930, as an American citizen, being an alien immigrant, was at best then a nonquota immigrant by virtue of his previous lawful residence here. As an alien he was not entitled to admission unless he had either an unexpired immigration visé or a re-entry permit. 8 USCA. § 213 (a, b): Regulations Jan. 1, 1930, Rule 3, F(1) and I(2); United States ex rel. Polymeris et al. v. Trudell (C. C. A.) 49 F.(2d) 730, affirmed 284 U. S. 279, 52 S. Ct. 143, 76 L. Ed. 291. Accordingly, he was unlawfully in the United States when he applied for the re-entry permit the following July, and was not entitled to the permit he obtained on the false statement that his last entry was in 1929. That this was a misrepresentation of a material fact is obvious, for it was in effect a representation that he had not entered in 1930 as an American citizen and not only the suppression of a fact that made his presence here unlawful, but a false answer to a direct question concerning it. It was not the concealment of irrelevant matter as in United States ex rel. Iorio v. Day (C. C. A.) 34 F.(2d) 920; nor in the face of this positive evidence of fraud can the prima facie validity of a re-entry permit [see United States ex rel. Iodice v. Wixon (C. C. A.) 56 F.(2d) 824] be accorded this one. The permit fraudulently obtained by the alien was in law no permit at all, and gave him no right to entry. As he has not proved that he was otherwise entitled to enter and the burden of proof is upon him (8 USCA § 221; United States ex rel. Polymeris v. Trudell, 284 U. S. 279, 281, 52 S. Ct. 143, 76 L. Ed. 291), he is now unlawfully here. Being an alien immigrant who entered without either an immigration visé or a valid re-entry permit, he is subject to deportation, since he entered in violation of law. 8 USCA §§ 155 and 214. Compare Felich v. Meier (C. C. A.) 23 F.(2d) 185. Since he had no valid permit, he needed a visé as a quota immigrant, but we do not now decide that his last entry was without inspection.

Order reversed.