**HAFF, Acting Commissioner of Immigration, v. TOM TANG SHEE.**

No. 6779.

Circuit Court of Appeals, Ninth Circuit.

Feb. 6, 1933.

Geo. J. Hatfield, U. S. Atty., and I. M. Peckham, Asst. U. S. Atty., both of San Francisco, Cal. (Arthur J. Phelan, U. S. Immigration Service, of Washington, D. C., on the brief), for appellant.

Stephen M. White, of San Francisco, Cal., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

WILBUR, Circuit Judge.

The District Court of the United States for the Northern District of California issued an order granting a writ of habeas corpus and discharging appellee from the custody of appellant, from which order this appeal is taken.

It is conceded that appellee, an alien of Chinese descent, is the wife of Tom Wong, a native-born American citizen, they having been married in China on March 3, 1910. In 1927 Tom Wong applied to the immigration authorities for a citizen's return certificate, which was issued to him, and he departed for China in December of the same year. On December 3, 1930, when about to return to the United States, he appeared with the appellee at the American consulate in Hongkong for the purpose of obtaining the documents necessary to enable her to proceed to this country with him.

He presented his return certificate, which evidenced his American citizenship, to the American consul, and before that official executed in behalf of appellee a document designated as "Form 633" and entitled "Petition for Issuance of Immigration Visa." The applicant testified that she supposed that the required arrangements were made by her husband because he "attended to everything." The husband testified that he knew of the requirement of an immigration visa, and supposed that the form 633 petition was the required visa. So far as the record shows, both applicant and her husband have acted in good faith. However, no immigration visa was issued to the appellee, and she and her husband proceeded to the United States, arriving in San Francisco on January 14, 1931, where appellee applied for admission under the status of a wife of an American citizen who was married prior to May 26, 1924. She was denied admission on the ground that she was not in possession of an immigration visa as required by the 1924 act and regulations thereunder.

 The issue presented is whether appellee is entitled to enter the United States without an immigration visa under the Immigration Act of 1924.

Section 4 (a) of that act provides as follows:

Section 4: "When used in this subchapter the term 'nonquota immigrant' means—

"(a) An immigrant who is the unmarried child under twenty-one years of age, or the wife, of a citizen of the United States, or the husband of a citizen of the United States by a marriage occurring prior to June 1, 1928," (as amended May 29, 1928, c. 914, § 2, 45 Stat. 1009, 8 USCA § 204 note).

Section 13 (a) of that act provides: Section 13 (a): "No immigrant shall be admitted to the United States unless he (1) has an unexpired immigration visa, * * * and (4) is otherwise admissible under the immigration laws." 43 Stat. 161, 8 USCA § 213 (a).

Prior to the amendment to section 13 (c) on June 13, 1930 (8 USCA § 213 (c), an alien Chinese wife of an American citizen could not enter the United States under section 4 (a) of the Immigration Act of 1924, for the reason that section 13 (c) of the same act prohibited the admission of aliens ineligible to citizenship. Chang Chan v. Nagle, 268 U. S. 346, 45 S. Ct. 540, 69 L. Ed. 988. In that case, also, the applicants sought admission without immigration

visas, but the Supreme Court found it unnecessary to pass upon their right to do so because they were not "otherwise admissible."

On June 13, 1930, section 13 (c), 46 Stat. 581, 8 USCA § 213 (c), was amended by adding thereto subdivision (4), which is as follows: "(c) No alien ineligible to citizenship shall be admitted to the United States unless such alien, * * * (4) is the Chinese wife of an American citizen who was married prior to May 26, 1924."

This amendment did away with the prohibition against the entry of Chinese wives of American citizens as aliens ineligible to citizenship. However, it did not, as is contended by appellee, give them the absolute right to be admitted to the United States irrespective of other provisions of the immigration laws. Since the amendment of June 13, 1930, above quoted, appellee is "otherwise admissible," but this is by reason of relationship to an American citizen, and she comes within the class of nonquota immigrants defined in section 4 (a) of the act, supra. It is contended by appellee that section 4 (a) defines as nonquota immigrants wives of American citizens who became such by a marriage occurring prior to June 1, 1928, whereas section 13 (c) only permits the entry of Chinese wives of American citizens in case they were married prior to May 26, 1924, and this prevents such Chinese wives from being classed as nonquota immigrants within section 4 (a). These two provisions must be construed together. The class of nonquota immigrants defined in section 4 (a) includes all wives of American citizens, but in case of alien Chinese wives of American citizens there is the additional requirement under section 13 (c) that the marriage must have occurred prior to May 26, 1924, for them to be admissible. Being a nonquota immigrant as defined in the act, appellee is required by section 13 (a), supra, to have an unexpired immigration visa to be entitled to admission.

 There remains to consider whether appellee was entitled to enter without an immigration visa because application for issuance of a visa was made to the American consul in China, who failed to issue the same. While the consul is the proper officer to issue a visa, he can only do so subject to the conditions in the act and regulations. Section 9 of the Immigration Act of 1924 (43 Stat. 157, 8 USCA § 209) provides:

Section 9 (a): "In case of any immigrant claiming in his application for an immigration visa to be a nonquota immigrant

by reason of relationship under the provisions of subdivision (a) of section 204 [4] * * * the consular officer shall not issue such immigration visa * * * until he has been authorized to do so as hereinafter in this section provided.

"(b) Any citizen of the United States claiming that any immigrant is his relative, and that such immigrant is properly admissible to the United States as a nonquota immigrant under the provisions of subdivision (a) of section 204 [4] * * * may file with the Commissioner General a petition in such form as may be by regulations prescribed. * * *"

That section provides further that said petition shall be under oath; that, if executed outside the United States, the oath shall be administered by a consular officer; that the petition shall be accompanied by the statements of two or more responsible American citizens setting forth certain facts; and that: "(e) If the Commissioner General finds the facts stated in the petition to be true, and that the immigrant in respect of whom the petition is made is entitled to be admitted to the United States as a nonquota immigrant under subdivision (a) of section 204 [4] * * * he shall, with the approval of the Secretary of Labor, inform the Secretary of State of his decision, and the Secretary of State shall then authorize the consular officer with whom the application for the immigration visa has been filed to issue the immigration visa. * * *"

Pursuant to authority conferred in section 24 of the Immigration Act of 1924 (8 USCA § 222), the Secretary of State has prescribed a regulation which provides: "The Chinese wives of American citizens by marriages occurring prior to May 26, 1924 (Sections 4 (a) and 13 (c), Act of 1924), * * * must present nonquota immigration visas issued under Section 4 (a) of the Act of 1924. Such visas should not be issued unless nonquota status for the alien wife has been authorized as provided in Section 9 of the Act of 1924." Section 372 of the Consular Regulations, as amended July 1, 1930.

The Commissioner General of Immigration, with the approval of the Secretary of Labor, prescribed a similar regulation on June 27, 1930 (Chinese Rule 2, as amended by Chinese General Order No. 17). These regulations, prescribed pursuant to law, have the force and effect of law. Fok Young Yo v. U. S., 185 U. S. 296, 22 S. Ct. 686, 46 L. Ed. 917; Chun Shee v. Nagle (C. C. A.) 9 F.(2d) 342.

It therefore appears that the consular officer had no authority to issue the visa until the proper procedure had been followed. That was not done in this case, and no immigration visa was ever issued to the appellee. The case of United States ex rel. Polymeris et al. v. Trudell, 284 U. S. 279, 52 S. Ct. 143, 144, 76 L. Ed. 291, is controlling here, wherein it is said: "By section 13 of the Act (8 USCA § 213) and the regulations under it, as remarked by the court below, a returning alien cannot enter unless he has either an immigration visa or a return permit. The relators must show not only that they ought to be admitted, but that the United States by the only voice authorized to express its will has said so."

Order reversed.