**TRANSATLANTICA ITALIANA v. ELTING,**
Collector of Customs.
No. 481.

Circuit Court of Appeals, Second Circuit.
July 25, 1933.

Kirlin, Campbell, Hickox, Keating & Mc-Grann and Gaspare M. Cusumano, all of New York City (Delbert M. Tibbetts and Joseph F. Luley, both of New York City, of counsel), for appellant.

George Z. Medalie, U. S. Atty. (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

This is an action to recover for fines imposed upon a carrier under section 16 of the Quota Act of 1924 (8 USCA § 216), which brought in seven aliens after July 1, 1924. There is nothing to add to the general considerations already stated in the other opinions handed down herewith. We proceed at once to the seven causes of action separately.

The first two concerned a husband and wife who entered in February, 1926. They were illiterates, but had both lived here before, the husband for sixteen years, the wife for thirteen; they had been absent nearly a year. They had taken out return permits under section 10 of the Quota Act of 1924 (8 USCA § 210), but the period limited in these had expired before they sailed; they had no

visa. The Board of Special Inquiry excluded them, and the order was reversed by the District Court on habeas corpus. U. S. ex rel. Patti v. Curran, 22 F.(2d) 314. The case being sent back to the Secretary for the exercise of his discretion, he admitted both. These aliens had two hurdles to leap in order to enter, section 3 of the Immigration Act of 1917 (8 USCA § 136) and section 13 of the Quota Act of 1924 (8 USCA § 213). As illiterates who had an unrelinquished domicile of seven years they might appeal to the Secretary's discretionary dispensing power under the seventh proviso of section 3 of 1917, though they could not claim under the first proviso, giving them an unconditional excuse, because they had been away over six months. They succeeded in invoking that discretion, but there remained their exclusion under the Quota Act of 1924. Having neither visa, nor unexpired permit, they were excludable under section 13. U. S. ex rel. Polymeris v. Trudell, 284 U. S. 279, 52 S. Ct. 143, 76 L. Ed. 291. It is argued, however, that even so the Secretary might have admitted them under section 13 (b) or section 13 (d), 8 USCA § 213 (b, d), in his discretion, and that he did. We have dealt with this situation in Hamburg-American Line v. United States, 65 F.(2d) 369, filed May 8, 1933, where we held that if the Secretary had such a power, nevertheless he also retained power to fine the carrier under section 16 of the act (8 USCA § 216). This is the effect of section 13 (f), of the act (8 USCA § 213 (f). An illiterate gets no exemption from the Quota Act by virtue of his illiteracy. Thus the fines were valid, for the carrier had all the facts before it and an expired permit is no better than none at all.

■■■ The alien in the third cause of action was an illiterate who came in with a visa. He was excludable for illiteracy under section 3 of the Immigration Act of 1917, which he tried to excuse under the first proviso of that section as one who, having been lawfully admitted, had resided here five years and been absent less than six months. He satisfied the last two requirements, but his original entry had been unlawful; he came in surreptitiously by ferry from Cuba. The question is whether his unlawful entry was discoverable by reasonable diligence. The only way in which the carrier could have learned this was by inquiry of the alien; but as he supposed that he had been lawfully admitted, and freely told the facts upon his examination, it seems to us that reasonable diligence should have discovered the character of his entry. The carrier, which knew of his illiteracy, was charged with the duty of probing all the conditions and it failed. The fine was rightly imposed.

■ The fourth cause of action concerned a seaman, who had originally come here in 1906 and stayed till 1911. He then left and came back in 1921, at that time deserting his ship. He left the second time in December, 1924, and returned in the following May. He had sworn before the consul that his last entry was lawful, but when examined here did not conceal the desertion. There is no reason to suppose that if examined before leaving, he would not have told the truth. His case is like the last.

■ The sixth cause of action was substantially the same. The alien, a seaman, last left the United States in August, 1924, and came back in the following October. He had been here off and on for seven years, always serving on American ships, but he admitted that he had always come in as a seaman. Such an entry is not the lawful admission which the second proviso contemplates, and the fine was proper.

■ The alien in the seventh cause of action was an illiterate, coming back to visit his wife and children in this country. He had a non-quota visa. He had entered in 1906, stayed till the end of 1911, had come back in June, 1912, and stayed till December, 1915, when he returned to serve in the Italian army. He came back as a reservist in June, 1920, and remained till January 2, 1922. He then returned in September, 1924, being absent for over two years and a half. As an illiterate, he could not therefore make use of the first proviso of section 3 of 1917, because he had been absent for more than six months. Even were we to assume that by his service in the Italian army he did not relinquish his domicile, still his absence of over two and a half years made it at least doubtful whether he had not then relinquished it, if he ever acquired it. Thus, it did not appear that he was entitled to the exercise of the Secretary's dispensing power under the seventh proviso of section 3 of 1917. He was excludable and the facts were accessible to the carrier.

■ The alien in the fifth cause of action shipped from Italy on July 21, 1924, with a passport issued by the Argentine consul in Catania, Italy, which bore an American visa dated May 24, 1924. He also had a discharge from the Italian army which recited that he was born in the Argentine. He shipped on July 21, 1924, after the Quota Act of 1924 went into effect, by section 28 (d) of which (8 USCA § 224 (d) a visa is construed to

mean a visa issued under the terms of that act. On the hearing it became very doubtful whether he was not born in Italy, and if so, he was not entitled to the status of "non-quota immigrant" under section 4 (c) of the Quota Act of 1924 (8 USCA § 204 (c). But the carrier could not have known this, and was entitled by virtue of the documents to regard him as exempt from the quota. The only question remaining is whether it was lack of diligence to accept him on July 21, with a visa which had been issued under the Act May 19, 1921 (42 Stat. 5). The State Department had authorized consuls to issue visas under the existing regulations for entry after July 1, 1924, until the new forms were prepared. Whether the new forms had been prepared before July 21, 1924, does not appear, but in view of this authorization it was certainly reasonable for the carrier to assume that a visa so issued would continue valid. Perhaps if such a visa were used to support an embarkation six months later, it might have been suspicious, but here the delay was of only three weeks. The carriers had received the information on June seventeenth, and the forms may well have been still inaccessible to consuls in Southern Italy in season. It would press the carrier's duty unfairly to hold it after such an assurance.

Judgment reversed as to the fifth cause of action; affirmed as to the other six.