**RASH v. ZURBRICK, District Director of Immigration.**

No. 6781.

Circuit Court of Appeals, Sixth Circuit.

March 13, 1935.

Bayre Levin, of Detroit, Mich. (Levin, Levin & Dill and Theodore Levin, all of Detroit, Mich., and Max J. Kohler, of New York City, on the brief), for appellant.

L. M. Hopping, Asst. U. S. Atty., of Detroit, Mich. (Gregory H. Frederick, Asst. U. S. Atty., of Detroit, Mich., on the brief), for appellees.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

The appellant is an alien as defined in the Immigration Acts of 1917 (section 1) and 1924 (section 28). 39 Stat. 874, 43 Stat. 168, 8 USCA §§ 173, 224. Being in the United States on July 2, 1932, he departed to make a visit in Canada, intending to return at the expiration of his visit. Three days later he presented himself at the port of Detroit and applied for readmission as a returning alien. There was no record of his original admission, and he did not have an unexpired immigration visa or a re-entry permit. He was given a hearing on his application before a board of special inquiry. The board excluded him, and he appealed from its decision to the Secretary of Labor, who affirmed its action. He then brought this suit against the District Director of Immigration and the inspector in charge of the Immigration Service for the port of Detroit, alleging that the order of exclusion was unfair, was not made in compliance with legal requirements, and amounted to a denial of a fair hearing and due process of law. He prayed for an injunction against the defendants enjoining them from interfering with his return to his residence in this country. On motion of the defendants the trial court dismissed the bill on the ground that it was not within the power of a court of equity to inquire into and review an excluding order made by the Secretary of Labor.

The power to exclude aliens from the United States is a political power vested in the political departments of the government, to be exercised by act of Congress, and to be executed by the executive branch of the government free from interference by the courts except as authorized by congressional act or the paramount law of the Constitution. Nishimura Ekiu v. United States, 142 U. S. 651, 660, 12 S. Ct. 336, 35 L. Ed. 1146; Fong Yue Ting v. United States, 149 U. S. 698, 713, 13 S. Ct. 1016, 37 L. Ed. 905; Japanese Immigrant Case (Kaoru Yamataya v. Fisher), 189 U. S. 86, 100, 23 S. Ct. 611, 47 L. Ed. 721. In exercising this power,

Congress has passed acts of exclusion and restriction, and has delegated to the Department of Labor the authority and power to enforce them. Section 131, 8 USCA. It has provided that no immigrant or alien shall be admitted into the United States except with its permission granted on conditions. Some of these conditions it has itself set forth in its acts; others it has left to the discretion of the Secretary of Labor or authorized him to prescribe by regulations. Thus it has provided that where an alien is about to depart temporarily from the country he may make application to the Commissioner General for a permit to re-enter, and if the Commissioner General finds that the alien has been legally admitted to the United States and has made the application in good faith, he shall, with the approval of the Secretary of Labor, issue the permit, which the alien upon his return shall surrender to the immigration officer at the port of inspection. It has further provided in such cases, however, that the permit shall have no effect under the immigration laws except to show that the alien to whom it is issued is returning from a temporary visit abroad (8 USCA § 210 (f); and also, that lacking a permit or an immigration visa, such alien may be admitted "under such conditions as may be by regulations prescribed." 8 USCA § 213 (b). Rule 3 (subdivision F, par. 1) of the Immigration Regulations of 1930 provides that "no immigrant, whether a quota immigrant or non-quota immigrant, * * * shall be admitted to the United States unless such immigrant shall present to the proper immigration official, at the port of arrival, an immigration visa duly issued and authenticated by an American consular officer; Provided, that (a) aliens who have been previously lawfully admitted to the United States and who are returning from a temporary visit of not more than six months to" certain places, including Canada, "or such aliens who are returning from a temporary visit to any other foreign country and who are in possession of a permit to re-enter the United States issued in accordance with the provisions of Section 10 of the Immigration Act of 1924 [8 USCA § 210] * * * shall be permitted to enter the United States without an immigration visa."

The bill does not allege that the plaintiff had an unexpired immigration visa or a permit for re-entry. It does allege that he was duly admitted to the United States prior to the month of April, 1920, and that he has been domiciled in the United States continuously since that time. It further alleges that he offered in evidence before the board of special inquiry documentary proofs and the testimony of witnesses in corroboration and support of his statement that he had been employed, engaged in business, and had resided continuously in the United States since his entry before April of 1920. The ground for the relief sought, as alleged, is that the refusal of the Secretary of Labor to admit him was a violation of the immigration regulations of 1930 and an abuse of discretion vested in the Secretary under section 136 (p) of 8 USCA, which provides that: "Aliens returning after a temporary absence to an unrelinquished United States domicile of seven consecutive years may be admitted in the discretion of the Secretary of Labor, and under such conditions as he may prescribe."

■ It is well settled that the courts cannot direct or control the discretion conferred by Congress upon an executive officer, such as the Secretary of Labor (Marbury v. Madison, 1 Cranch, 137, 2 L. Ed. 60, and Louisiana v. McAdoo, 234 U. S. 627, 633, 34 S. Ct. 938, 58 L. Ed. 1506); but we assume, for the purpose of decision, that the order of exclusion here complained of may be reviewed and its enforcement enjoined if it was arbitrarily made in violation of the ministerial duty of the Secretary to readmit the appellant upon compliance by him with the terms of re-entry fixed therefor by Congress or if the action of the Secretary in making the order was in violation of his general regulations issued pursuant to the authority of Congress. Cf. Low Wah Suey v. Backus, 225 U. S. 460, 468, 32 S. Ct. 734, 56 L. Ed. 1165. It is not alleged, though, that the appellant offered to comply with the terms prescribed by statute for readmission by presenting to the immigration authorities an unexpired immigration visa or a re-entry permit. Nor are any facts alleged to show that in issuing the order the Secretary violated the terms and conditions of the applicable regulations of 1930. The fact, if it be a fact, that appellant was lawfully admitted prior to April, 1920, and had since resided in the country, was not enough to entitle him to re-enter under the terms fixed by the statutes. To bring himself within those terms, it was necessary that he either have an unexpired immigration visa or a re-entry permit. United States v. Trudell, 284 U. S. 279, 52 S. Ct. 143, 76 L. Ed. 291. Lacking one or the other of these, he was sub-

·ject, as we have indicated, to the regulations or the discretion of the Secretary of Labor. So it is obvious that the Secretary did not disregard the terms of re-entry fixed by the statutes. Whether he disregarded the terms fixed by the applicable regulations depends upon the averments of the bill with respect to those regulations. On that point the bill shows that appellant offered evidence to show that he had been employed and engaged in business in this country since his entry prior to April of 1920. That evidence, though true, did not give him a right of entry under the regulations. The proviso in the regulation relating to aliens returning from Canada deals exclusively with aliens "who have been previously lawfully admitted to the United States," and the appellant did not allege in his bill that he offered evidence to show that he had been previously lawfully admitted into this country. Had he offered uncontroverted proofs to that effect and had the Secretary disregarded them, we might have a question of the violation of the standards of admission set up by the regulations. Not having alleged that he offered such proofs before the Secretary, it is plain that there was no showing of a breach of the regulations. What would be the duty of the Secretary under the regulations should the appellant again apply for admission and offer evidence to show an original lawful entry or whether the regulations require a permit or unexpired immigration visa from an alien returning from Canada who has been previously lawfully admitted we need not decide. As to the latter query, see, however, Rederiaktiebolaget Nordstjernen v. United States (C. C. A.) 61 F.(2d) 808, 811.

The claim of right of re-entry to return to an unrelinquished United States domicile of seven consecutive years was addressed to the discretion of the Secretary by the terms of the statute. Section 136 (p), 8 USCA, supra. Assuming that in the exercise of this discretion the Secretary may lawfully permit an alien to re-enter the country without a permit or an immigration visa or without a showing that he had previously been lawfully admitted, we cannot say from the facts alleged in the bill that the hearing given the appellant was so unfair or that the Secretary's refusal to admit him was such a manifest abuse of discretion as to confer upon us the power to enjoin the enforcement of the order of exclusion.

The decree is affirmed.