**TARANTO v. HAFF.**

No. 8217.

Circuit Court of Appeals, Ninth Circuit.

Feb. 8, 1937.

Joseph E. Isaacs and William Sea, Jr., both of San Francisco, Cal., for appellant.

H. H. McPike, U. S. Atty., and Robert L. McWilliams, both of San Francisco, Cal. (Arthur J. Phelan, U. S. Immigration and Naturalization Service, of San Francisco, Cal., on the brief), for appellee.

Before WILBUR and GARRECHT, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

Reversal of an order of deportation is sought.

Appellant claims to have been legally admitted into the United States for permanent residence October 14, 1923, at the Port of New York and never departed, except certain voyages he has made to foreign ports as a member of the crew of a foreign vessel. That he is not in the United States in violation of the Immigration Act of 1924.

It is fully established that petitioner is an alien and was a seaman on board of the steamship Livenza arriving in the United States in January, 1931. That he deserted the vessel. That he had no immigration visa. The law of the United States, 8 U.S.C.A. § 204 (b), classifies aliens previously lawfully admitted to the United States, returning from a temporary visit abroad as nonquota immigrants, and prohibits the admission of any alien not possessed of an immigration visa, except in such classes and under such conditions as may be by regulation prescribed, who have been legally admitted and who departed temporarily (8 U.S.C.A. § 213 (b). The regulations require that all aliens shall present to the proper immigration official a valid, unexpired visa, except where it satisfactorily appears that the alien has been previously admitted for permanent residence and is returning from a temporary visit abroad and is otherwise admissible, he may be regularly admitted without an immigration visa or return permit upon the payment of head tax. Rule 7, subdiv. E, par. 5, Immigration Rules of January 1, 1930. A returning alien from abroad must present an immigration visa or a return permit and "must show not only that they ought to be admitted, but that the United States by the only voice authorized to express its will has said so." U. S. ex rel. Polymeris et al. v. Trudell,

284 U.S. 279, 52 S.Ct. 143, 144, 76 L.Ed. 291.

 The burden was upon the appellant to show previous lawful entry (8 U.S.C.A. § 221) and where a fair hearing was accorded to the alien by the immigration officials, the decision is final (8 U.S.C.A. § 155). Whitty v. Weedin (C.C.A.) 68 F. (2d) 127-130. Affirmance of the trial court could well rest here, but the records are so grossly out of joint with appellant's statement that a further statement may be elucidating. Not only did the alien not prepare to sustain the burden of proof, which he could not do, the Secretary of Labor found that he did not arrive on the steamship Conte Verdi October 14, 1923, as he claimed. The record which appellant claims is the record of his own previous entry into the United States in 1923 shows that the person then admitted was twenty-three years old, was born at Campino, Brazil, was a farmer, that his wife was Marianna Troccoli, that she resided at Tramutola, Italy, and that he was going to join his uncle Giuseppe De Rosa (Exhibit A, p. 171). It is established by a certificate of appellant's birth, issued by the Recorder in Charge, Office of Vital Statistics, Municipality of Palermo, Italy (Id. pp. 158, 159), by a general judicial certificate pertaining to appellant (Id. pp. 163-165), and by testimony of appellant's sister, twelve years older than he (Id. p. 156), that appellant was born on August 23, 1894, at Palermo, Italy. According to appellant's own testimony, he was a fisherman and seaman prior to his alleged entry in 1923 (Id. p. 228) (although later he claimed to have been a vegetable peddler for several months before coming to the United States [Id. p. 209]). His wife is Virginia Domenici (Id. p. 240). His wife was never known by the name of Troccoli (Id. p. 230). His wife was residing not at Tramutola but at Genoa at the time of his alleged entry in 1923 (Id. pp. 209, 210). He has no uncle named Giuseppe De Rosa, but he claims to have become acquainted with a person of that name after his entry into the United States (Id. p. 230).

 There is not even remote resemblance in the appellant's claims in vital particulars as to place of birth, age, employment, wife's name, wife's residence, etc. As said by the Supreme Court in Quock Ting v. U. S., 140 U.S. 417, 11 S.Ct. 733, 734, 851, 35 L.Ed. 501, he is "contradicted by the facts he states as completely as by direct adverse testimony." Assumption of records of persons who had been legally admitted has been many times attempted. Shimi Miho v. U. S. (C.C.A.) 57 F.(2d) 491. The immigration officers were not obliged to believe appellant's testimony. U. S. ex rel. Tisi v. Tod, 264 U.S. 131, 44 S.Ct. 260, 68 L.Ed. 590. Nor is drawing wrong conclusions from the evidence denial of fair hearing. U. S. ex rel. Tisi v. Tod, supra. The court may not substitute its judgment for that of the Immigration Board where a fair hearing was afforded. Yep Suey Ning et al. v. Berkshire, 73 F. (2d) 745-751 (C.C.A. 9). Not having been lawfully admitted appellant has no right to remain. Marty v. Nagle, 44 F.(2d) 695 (C.C.A. 9). The hearing was fair and there was nothing unfair in securing the statement from the sister. She was present at the hearing and the truth was desired by the public officials and appellant, if acting in good faith, should not desire to suppress the truth.

Affirmed.