# UNITED STATES ex rel. DE VITA v. UHL, District Director of Immigration.

## No. 42.

Circuit Court of Appeals, Second Circuit.

Nov. 7, 1938.

Emily Marx, of New York City, for appellant.

Lamar Hardy, U. S. Atty., of New York City (Samuel Brodsky, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The relator-appellant is an alien who was lawfully admitted to this country for

permanent residence in 1913. He lived here until March, 1921, when he went abroad for a temporary visit. His visit was prolonged until October, 1927, when he re-entered the United States surreptitiously without either an immigration visa or a re-entry permit. He was arrested on November 9, 1936 on a warrant charging that at the time of his entry in 1927 he was not in the possession of an unexpired immigration visa. After due hearings a warrant of deportation was issued. He surrendered and then sued out a writ of habeas corpus. The writ was dismissed upon hearing and he has appealed.

His contention is that, having prior to his surreptitious entry acquired a domicile here which he had never relinquished and to which he was returning in 1927, he could enter of right without an immigration visa. Consequently he did not violate the provisions of the Immigration Act of 1924, 8 U.S.C.A. §§ 145, 146, 166, 167, 179, 201 et seq., and at most entered only contrary to the Immigration Act of 1917, 39 Stat. 874, in that he did not present himself for inspection. The latter violation of the law cannot be the basis of deportation now since the period of limitation has expired.

We will assume that the alien was returning in 1927 to an unrelinquished domicile in this country but, even so, he could not enter lawfully unless he had either a re-entry permit or an unexpired immigration visa. United States v. Trudell, 284 U. S. 279, 52 S.Ct. 143, 76 L.Ed. 291; Id., 2 Cir., 49 F.2d 730. Despite the fact of his previous lawful residence here, he was an alien immigrant within the definition of that term in Sec. 3 of the Immigration Act of 1924, 8 U.S.C.A. § 203. Karnuth v. United States, 279 U.S. 231, 49 S.Ct. 274, 73 L.Ed. 677. He has failed to show that he was within any of the exceptions dispensing with his need for an immigration visa. It is immaterial that he might, perhaps, have secured a re-entry permit which would have done away with the need of an immigration visa for he had no re-entry permit. Sec. 13(b) of the 1924 Act, 8 U.S. C.A. § 213(b), upon which he relies merely permits returning immigrants who have complied with the prescribed regulations to enter without an immigration visa but this relator had not so complied.

That he admittedly violated the 1917 Act is no evidence, of course, that he did not violate the provisions of the 1924 Act also and the record shows clearly that he did. Having entered contrary to the last mentioned statute without an unexpired immigration visa, he was subject to deportation at any time. 8 U.S.C.A. § 214. Deportation on this ground is not barred by the lapse of time. United States ex rel. Giuriciu v. Day, 2 Cir., 54 F.2d 362. That is the ground on which he was ordered deported and, accordingly, it was not error to dismiss the writ.

Affirmed.