110

## HARUICHI YOSHIHARA v. CARMICH-AEL, District Director of United States Immigration Service.

### ·No. 9515.

Circuit Court of Appeals, Ninth Circuit.

Oct. 25, 1940.

J. Edward Keating and Theodore E. Bowen, both of Los Angeles, Cal., for appellant.

Wm. Fleet Palmer, U. S. Atty., and Russell K. Lambeau, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Appeal from an order of the District Court denying appellant's petition for a writ of habeas corpus.

The appellant is a Japanese alien. He was first admitted to the United States in 1902, and resided here continuously from that time until November, 1919, at which time he returned to Japan, taking with him his alien Japanese wife and three American-born children. Appellant remained in Japan from 1919 until 1928, at which time he applied to the American consulate in Japan for a temporary visa to visit the United States. Upon his arrival at the Port of San Francisco in June, 1928, he was examined by a board of special inquiry convened for the purpose of considering his application for admission, and gave the following sworn testimony:

"Q. Do you intend to take up any occupation while in the United States? A. No.

"Q. What do you intend to do at the end of your six months' visit here? A. Return to Japan.

* * * * * *

"Q. Explain the nature of your business which you wish to transact in the U. S.? A. I have come to settle my affairs here, as at the time I left for Japan I was rather hurried, as my father was very ill at the time, and I left all my farming utensils in the hands of. my brother and he has been using them ever since, and I thought it was about time to come and dispose of them and arrange matters, *because I have no intention of residing in the U. S.*" (Italics supplied.)

He was admitted on June 9, 1928, as a temporary visitor, and as a guarantee that he would leave within six months was required to post a $500 departure bond.

Appellant asserts in his brief that he did not abandon his domicile in the United States at the time he left in 1919, but the above-quoted testimony disproves that contention.

During his visit in the United States appellant executed an application for a re-entry permit. In his application he falsely stated under oath that his last entry into the United States occurred at Tacoma, Washington, about May, 1902, concealing his entry at the port of San Francisco on June 9th, 1928. The re-entry permit was issued on October 30, 1928, and appellant left for Japan on December 11, 1928.

On May 13, 1929, appellant returned to the United States and made application for admission at San Pedro, California. Upon the presentation and surrender to immigra-

tion officials of the re-entry permit above referred to, he was admitted as a permanent legal resident returning from a temporary visit abroad.

The above detailed facts did not come to light until about March 30, 1936, and as a result of the discovery deportation proceedings were instituted against appellant, on the charge that the immigration visa which he presented on his entry in 1929 was not valid because procured by fraud or misrepresentation.

During the course of the hearing an additional charge was placed against appellant, "That you are in the United States in violation of the Immigration Act of 1924, in that at the time of your entry you were not in possession of an unexpired immigration visa and that you are an alien ineligible to citizenship and not exempted by Paragraph (c) Section 13, thereof [8 U.S. C.A. § 213(c)]."

After reviewing the evidence the board concluded that appellant was unlawfully within the United States and recommended that he be deported, on the grounds:

"1. That he is in the United States in. violation of the Immigration Act of 1924 in that at the time of his entry he was not in possession of an unexpired immigration visa; and

"2. That he is an alien ineligible to citizenship and is not exempted by paragraph (c), Section 13 thereof."

The findings of the board were adopted by the Department, and a warrant of deportation was issued through the Secretary of Labor. Execution of the warrant was deferred until 1939, at which time steps were taken to deport appellant. Appellant thereupon sued out a writ of habeas corpus. It is from the order denying his petition that this appeal is taken.

Two grounds of appeal are urged, first that the evidence was insufficient to sustain the deportation of the appellant, and second, that his deportation is barred by the provisions of Section 19 of the Immigration Act of 1917, 8 U.S.C.A. § 155, in that more than three years elapsed between the time of appellant's last entry and the institution of deportation proceedings.

■ The gist of appellant's argument as to the first ground is as follows: That under the provisions of Section 10 of the Immigration Act of 1924, 8 U.S.C.A. § 210, no immigration visa is necessary where an alien is in possession of a re-entry permit. That at the time of his entry in 1929 he did have a re-entry permit, and that therefore the charge that he entered without an unexpired immigration visa cannot be set up as grounds for deportation.

But this argument assumes that the re-entry permit in appellant's possession was effective. It was in fact fraudulently acquired and therefore invalid and of no effect. We quote from United States ex rel. Lamp v. Corsi, Com'r, 2 Cir., 1932, 61 F. 2d 964, 965, "As an alien he was not entitled to admission unless he had either an unexpired immigration visé or a re-entry permit [citing authority]. Accordingly, he was unlawfully in the United States when he applied for the re-entry permit the following July, and was not entitled to the permit he obtained on the false statement that his last entry was in 1929. That this was a misrepresentation of a material fact is obvious, for it was in effect a representation that he had not entered in 1930 as an American citizen and not only the suppression of a fact that made his presence here unlawful, but a false answer to a direct question concerning it. * * * The permit fraudulently obtained by the alien was in law no permit at all, and gave him no right to entry. As he has not proved that he was otherwise entitled to enter and the burden of proof is upon him [citing authority], he is now unlawfully here. Being an alien immigrant who entered without either an immigration visé or a valid re-entry permit, he is subject to deportation, since he entered in violation of law."

■ The argument on appellant's second point is that the only charge that could be entered against him is that he entered through false and fraudulent documents, thus entering without inspection. That Section 19 of the Immigration Act of 1917, 8 U.S.C.A. § 155, sets up a three-year period of limitation as to entries without inspection. Appellant then states, "Surely, the Immigration Service cannot avoid the limitations prescribed by the Immigration Act of 1917, 8 U.S.C.A. § 155, merely by charging a violation of the Immigration Act of 1924 when there is, as a matter of fact, no violation of the 1924 Act."

But appellant's last entry into the United States was on May 13, 1929, at which time the 1924 Act was in effect. We have heretofore held that his entry was in viola-

tion of the 1924 Act. Section 14 of that Act, 8 U.S.C.A. § 214, contains no such three-year limitation. The provision is that such an alien may be deported *at any time* after an illegal entry.

The order of the District Court denying appellant's petition for a writ of habeas corpus is affirmed.