**Anestis George HARRIS, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, IMMIGRATION AND NATURALIZATION DIVISION, Defendant.**

**No. 16632.**

United States District Court
E. D. Michigan, S. D.

March 13, 1958.

**60**

Bernard G. Sloan, Lincoln Park, Mich., for plaintiff.

John L. Owen, Asst. U. S. Atty., Detroit, Mich., for defendant.

PICARD, District Judge.

Petitioner seeks injunction to restrain order of deportation. Both parties have moved for summary judgment.

Mr. Harris is a 44 year old Greek citizen whose wife and two children remain in Greece. Although he claims to be a journalist, he entered this country June 8, 1955, at Pensacola, Florida, under a seaman's shore leave permit. When he became ill and was hospitalized at New Orleans, Louisiana, he was given a 29-day permit, as provided by 8 U.S.C.A. § 1282. However, he has remained in this country continuously since his entrance, making application September 20, 1955, at New Orleans office of Immigration Service for a change of status from non-immigrant seaman to permanent resident. This was denied November 23, 1956, but he was granted right of voluntary departure on or before December 3, 1956. This order not having been complied with, order to show cause why he should not be deported was served January 9, 1957, and heard by Special Inquiry Officer January 16, 22 and 23, 1957. Mr. Harris had been represented by counsel throughout, and interpreter serv-

ice utilized. On January 23, 1957, he petitioned for voluntary departure and pre-examination, but Special Inquiry Officer denied same and ordered his deportation as an exercise of administrative discretion. After oral argument, reconsideration was denied by Board of Immigration Appeals April 9, 1957.

Particularly pertinent are the following interrogatories put to petitioner by Inquiry Officer.

Page 9, after answering the government's charges:

"Are you or are you not deportable as charged by the Government?"

"I don't admit it until I have exhausted every legal remedy."

Then on page 13 of the proceedings—

"Were you admitted to the United States as a crewman on board of S. S. Argolib on June 8, 1955?"

"Yes, I was."

"Were you, at the time of landing, given a conditional landing permit known as a D–1 or D–2 permit?"

"Yes."

"For how long were you admitted; that is, how long were you allowed to remain in the United States according to this landing permit?"

"They first gave me a D–1 permit and I was allowed to stay ashore just as many days as my ship would stay. After that, I entered the hospital and I was given another permit, D–2, under which I was allowed to remain 29 days ashore."

### Conclusions of Law

Petitioner contends that his own admission was insufficient for a determination that he entered under a seaman's permit, and that consequently his entry must have been determined by Sec. 212 D–5 of the Immigration Act, 8 U.S.C.A. § 1182(d) (5), under which he would have been paroled to Attorney General's office and be "subject to the same treatment as those patriots who left Hungary * * *." He fails to set forth reasons substantiating this conclusion and in

truth we cannot rationalize how he places himself in the same position as escapees from Hungary when those people are being admitted here under an entirely different Act. See Section 242.16(b) and (c), Title 8, CFR.

He relies on United States v. Minker, 350 U.S. 179, 76 S.Ct. 281, 100 L.Ed. 185, as authority for insufficiency of admission as evidence of entrance. The case is not in point, the question before the court having been whether defendant in denaturalization proceedings was subjected to subpoena. Also we fail to find embodied therein language quoted by counsel in his brief as accredited to Justice Frankfurter. Balance of law cited indicates that "substantial evidence" is necessary to support a deportation order, but we find no support for the claim that an admission is not "substantial evidence."

 Cases cited by the government refer to admissability, not sufficiency of evidence. Perhaps counsel for petitioner presumes that admissions are insufficient in deportation as in criminal matters. But deportations are civil, not criminal, proceedings. Tassari v. Schumucker, 4 Cir., 53 F.2d 570, at page 572. As a matter of fact, plaintiff seems to take the position that he can make an admission in open court so that the government is not compelled to prove the issue covered by the admission but later seeks to escape his own admissions by criticizing the government for failure to prove something that he has already admitted. We look upon this as "sharp practice" of the crudest kind and this petitioner should learn once and for all that there is a vast difference between the weight of the evidence and the admissibility. His admissibility might not have carried much weight if the facts proved otherwise but petitioner cannot one day make an admission and the next day say the government should have proved what he admitted. The admission itself is "substantial evidence."

Petitioner offered no evidence at any time that he was paroled to the Attorney General, but simply claims that since government entered no proof of his entry but his own clear, precise, and comprehensive explanation, we are to presume that he was so paroled. The burden of showing legal entry was upon petitioner. See Taranto v. Haff, 8 Cir., 88 F.2d 85. We have examined the administrative record fully and carefully and find that proceedings were fair to a point of generosity. We find no possible grounds substantiating any conclusion other than that found by Inquiry Officer. In Handlovits v. Adcock, D.C., 80 F.Supp. 425, at page 427, Judge Levin said:

"The court is powerless to intervene or substitute its own judgment for that of the administrative officers if the alien was granted a fair hearing and there is evidence of probative value to support the findings of the administrative tribunal * * *. Nevertheless the court is bound to examine the proceedings to determine whether there has been that degree of fairness requisite for a legal conclusion in an administrative proceeding."

 The Washington D. C., district court said in Ex parte Wilson Seen Lee, 49 F.2d 468:

"It is not for the court to weigh the testimony."

See also Taranto v. Haff, supra, and Costanzo v. Tillinghast, 287 U.S. 341, 53 S.Ct. 152, 77 L.Ed. 350. The Code of Federal Regulations provides the following administrative rule, Title 8, Section 242.16:

"(b) * * * the special inquiry officer may determine that deportability as charged has been established by the admissions of the respondent.

"(c) * * * no further evidence need be received as to any facts admitted during the pleading."

For reasons stated above, petitioner's motion is denied, and the court will entertain an order presented by the government in accordance therewith.