Peter HOLZ, also known as Peter Holz-Muller, Appellant,

v.

Albert DEL GUERCIO, Acting District Director of Immigration and Naturalization at Los Angeles, California, and Joseph A. Dummel, Special Inquiry Officer, Immigration Service at Los Angeles, Appellees.

No. 15414.

United States Court of Appeals Ninth Circuit.

April 14, 1958.

Gross & Svenson, H. J. Gross, Van Nuys, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., James R. Dooley, Richard A. Lavine, Asst. U. S. Attys., Los Angeles, Cal., for appellees.

Before FEE, BARNES and HAMLEY, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

Holz brought an action for review [1] of an order of deportation outstanding against him. He sought to have the order declared void and enforcement thereof enjoined. The record of the hearing before the Special Inquiry Officer was introduced. Certain facts shown thereby are uncontroverted. Holz is an alien, a native of Roumania. A warrant for his arrest was duly issued by the officers of the Immigration Service. He was charged on two grounds: (1) that at the time of his last entry he was excludable as an alien who was not in possession of a visa or other valid entry document, and (2) that at the time of his last entry he was excludable as an alien who during war had departed from the United States to avoid service in the armed forces thereof.

Based upon the evidence at the hearing, both charges were found to have been established. The Special Hearing Officer ordered Holz be granted the privilege of voluntary departure, but, if he failed to depart when and as required, the privilege should be withdrawn and deportation would follow. This decision was sustained by the Board of Immigration Appeals.

The trial court upheld the validity of the order of deportation after a trial. Judgment against Holz was entered. This appeal followed. Only two points are raised:

1. Is there reasonable, substantial and probative evidence to support the order of deportation?

2. Were the deportation proceedings fair, in accordance with law and with due protection of the rights of Holz?

The Special Inquiry Officer conducted a perfectly impartial hearing in which the rights of Holz were adequately protected.

The first charge was supported by reasonable, substantial and probative evidence. Holz had no reentry permit or other valid entry document at the time of his coming from Mexico to the United States.

[1.] Section 10 of the Act of June 11, 1946 (Administrative Procedure Act), 60 Stat. 243, 5 U.S.C.A. § 1009; Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868.

Holz was admitted in the United States for permanent residence on May 27, 1950. He departed the United States and went to Mexico on April 2, 1952, under circumstances which will be hereafter discussed. Some time in October, 1953, he returned to the United States and was admitted upon the evidence of his Alien Registration Card, which had been issued to him while in the country on the first occasion. On October 19, 1953, Holz was issued a visa by the Mexican Consul at Los Angeles, California, valid for a limited time. He thereupon went to Mexico and remained for two weeks. He entered the United States for the last time during November, 1953, upon presentation of his Alien Registration Card. He had no other document for entry except that. Nor did he have a visa. This is the entry challenged by the Immigration authorities.

The Alien Registration Card presented by Holz at the time of both reentries was not valid for his admission to the United States as a returning resident. The waiver of visa requirements on behalf of an alien previously lawfully admitted to the United States for permanent residence, who departs temporarily to Mexico, is limited to those who return from such absence within six months. 8 C.F.R. § 211.2(c)(1). Holz had been absent eighteen months.

■ Upon this ground alone, the order of deportation must be sustained. Section 212(a)(20) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1182(a)(20), declared ineligibility to receive visa and provided for the exclusion from admission to the United States of an alien who is not in possession of such a document. The leading case [2] construing the comparable former enactment [3] contains this language:

"The relators have no right to enter the United States unless it has been given to them by the United States. The burden of proof is upon them to show that they have the right. * * * a returning alien cannot enter unless he has either an immigration visa or a return permit. The relators must show not only that they ought to be admitted, but that the United States by the only voice authorized to express its will has said so. Obviously it has not done so, and therefore the judgment must be affirmed." United States ex rel. Polymeris v. Trudell, 284 U.S. 279, 280-281, 52 S.Ct. 143, 144, 76 L.Ed. 291.[4]

The court also upheld the order for deportation on the ground that Holz, an alien, had gone to Mexico and departed from the United States in order to avoid or evade service in the armed forces in time of war. There was clear, satisfactory and convincing evidence to sustain this charge also. But it need not be reviewed. The interview of Holz with officers of the Immigration Service contains a direct and positive admission that this was his purpose in departing from the United States.

■ The only point Holz makes is that certain proceedings before the Draft Board, which ended in an order to report for service should be reviewed. This is beside the point. The only question before the Special Examiner was whether the charge was proved as laid. Holz left after he was threatened with arrest for failure to report for service during the progress of hostilities in Korea, and remained in Mexico until about three months after these were ended. This period was in time of war. There was no want of due process.

However, the judgment can be upheld upon the first charge alone.

Affirmed.

2. United States ex rel. Polymeris v. Trudell, 284 U.S. 279, 280-281, 52 S.Ct. 143, 76 L.Ed. 291.

3. Section 13 of the Immigration Act of May 26, 1924, 43 Stat. 161.

4. See also, Taranto v. Haff, 9 Cir., 88 F. 2d 85; Haff v. Tom Tang Shee, 9 Cir., 63 F.2d 191.